1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------x
                                          21-CV-3903(LDH)
KOHLI PRATYUSH,

                                          United States Courthouse
          Plaintiff,                      Brooklyn, New York

          - versus -                      January 3, 2023
                                          11:00 a.m.
FULL TRUCK ALLIANCE CO.
LTD., et al.,

          Defendants.

-------------------------------x

        TRANSCRIPT OF CIVIL CAUSE FOR PREMOTION CONFERENCE
            BEFORE THE HONORABLE LaSHANN DeARCY HALL
                UNITED STATES DISTRICT JUDGE


APPEARANCES

Attorney for Plaintiff:   THE ROSEN LAW FIRM, P.A.
                          275 Madison Avenue
                          Suite 40th Floor
                          New York, NY 10016
                          BY:  JING CHEN, ESQ.
                               PHILLIP KIM, ESQ.
                                    - and -
                          LEVI & KORSINSKY LLP
                          55 Broadway
                          10th Floor
                          New York, New York 10006
                          BY:  ADAM APTON, ESQ.


Attorney for Defendant:   SIMPSON THACHER & BARTLETT, PC
Full Truck Alliance       425 Lexington Avenue
                          New York, New York 10017-3954
                          BY:  BRYAN JIN, ESQ.
                               GEORGE S. WANG, ESQ.

For the Defendants:       K&L GATES LLP
Colleen A. De Vries       599 Lexington Avenue
Cogency Global Inc.       New York, New York 10022
                          BY:  JOANNA A. DIAKOS, ESQ.

2

APPEARANCES (CONTINUED)

Attorney for Underwriter O'MELVENY & MYERS, LLP
Defendants:                 7 Times Square
                            New York, New York
                            BY:  JONATHAN ROSENBERG, ESQ.

Court Reporter:             LINDA D. DANELCZYK, RPR, CSR, CCR
                            Phone:  718-613-2330
                            Fax:    718-804-2712
                            Email:  LindaDan226@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.

PROCEEDINGS                                                    3

(In open court.)

THE LAW CLERK:  All rise.

Civil cause for premotion conference, Pratyush versus Full Truck Alliance, et al, 21-CV-3903.

Please state your appearances.

MS. CHEN:  Good morning, Your Honor.  My name is Jing Chen from Rosen Law Firm.

Here is my colleague Phil Kim from Rosen Law Firm, and additional counsel, Mr. Adam Apton from LeviKorsinsky.  We are here representing plaintiffs.

THE COURT:  Okay.  What are we, morning?

Yes, good morning to you.

MR. JIN:  Good morning, Your Honor.  Bryan Jin of Simpson Thacher & Bartlett LLP for defendant Full Truck Alliance.  With me today is my partner George Wang.

THE COURT:  Okay.

MR. ROSENBERG:  Good morning, Your Honor.  Jonathan Rosenberg from O'Melveny & Myers representing the underwriter defendants.

THE COURT:  All?

MR. ROSENBERG:  Yes.

THE COURT:  Okay.

MS. DIAKOS:  Good morning, Your Honor.  Joanna Dialos with K&L Gates on behalf of Cogency Global and Colleen De Vries.

PROCEEDINGS                                    4

THE COURT:  Okay.  All right.

You all can be seated.

To the plaintiff.  Am I correct, or maybe you'll just clear it up for me, I'm trying to get a sense of whether each of the defendants who are named in the complaint have been served, because I don't -- I certainly don't have all defendants having noticed their appearance and I do not have any proof of service, I don't believe, on the docket.

But just help me out here, where are we in terms of the service of all of the defendants?

MS. CHEN:  Sure, Your Honor.

For the individual defendants that are listed here, we have already sent out our service request, according to Hague Service Convention.

THE COURT:  Yes.

MS. CHEN:  And they have been delivered to the Chinese government.  We sent the request through FedEx and right now China is doing the proceeding.

THE COURT:  All right, so the service process is ongoing.

MS. CHEN:  Yes.  And as to the two institutions that are located in Hong Kong, CLSA and China Renaissance, we also sent our request to Hong Kong government, which is doing the service right now, according to The Hague Service request.

THE COURT:  Okay, thank you.  That's helpful.

All right, folks, so we are here for a premotion conference on an anticipated motion to dismiss by the underwriter defendants Full Truck Alliance, Cogency Global, as well as, forgive me, Ms. De Vries; is that correct?  Okay.

The defendants in their premotion conference letter raise, I think, a number of arguments.

The first argument relates to whether there was an alleged material misrepresentation or omission to satisfy the pleading requirements for Section 11 and Section 15.

I do not want to address that argument for the purposes of this premotion conference, all right?  It's better just to be addressed on any motion to dismiss.

I'd rather talk, and I think it would be helpful to talk now, about the other arguments to see where we are.

Specifically the defendants have made an argument concerning whether material misstatements ors misrepresentation that appear in the underwriting agreement can provide a basis for Section 11 liability.

Interestingly enough for me, this is an issue that is in another case that's before me.  The defendants have relied on a case out of the Southern District of Texas for the proposition that there can't be liability for any such misrepresentation.

I have to tell you I'm not convinced that on a motion to dismiss that I can make that determination as a

matter of law.  There is other authority out there beyond the

Texas case.  There's not a lot of authority out there beyond

the Texas case, I think there's two additional cases, but

certainly there are -- there's enough to make it such that it

would give this Court significant pause to be able to grant a

motion to dismiss on it.

But I'll hear in the underwriter defendants.

MR. ROSENBERG:  Thank you, Your Honor.

The first response to that is we don't think you'll

be even need to reach the issue.

THE COURT:  Because of the first argument that I

said I'm not going talk about here.  And that very well may be

true.  I can look at obviously the pleadings, and I've looked

at your PMC letter, it's just going to be -- I can't resolve

it, can't talk about it in a meaningful way here.

MR. ROSENBERG:  But with respect to the merits of

the argument, Your Honor, we think it's an issue of law.  It's

a matter of the reading of the statute, the context of the

statute, the statutory framework.

THE COURT:  Basically what you have is an

underwriter agreement that is, by virtue of the SEC

regulations, attached to and included in a registration

statement, and I mean I'm going to -- I'll look at it, but I

think that the argument that you're making is, and there's

certainly the Texas case provides some support for, but,

PROCEEDINGS                          7

again, there's other authority out there, that this agreement is not made for as a disclosure statement and, therefore, it shouldn't be included in terms of the basis of liability, right?

MR. ROSENBERG:  Your Honor, Congress decided that the underwriting agreement should only be attached to the registration statement, as they did for other material contracts.

When it came to what would be in the body of the registration statement, when they addressed underwriters, they talked about that the issuer has to set forth the schedule of commissions and any compensation that the underwriter would get.

That's all that Congress required be incorporated in the body of the registration statement.  And so our argument is that merely having a contract attached to the registration statement doesn't involve incorporating all the various contractual representations and warranties in those various contracts, and it would extend Section 11 liability far beyond what Congress envisioned.

THE COURT:  Well, you are going to brief this. There's limited authority out there, and you know that, which is why you only cited one case, right?

MR. ROSENBERG:  Yes.  There's a specially limited authority in a Section 11 context.  There are Exchange Act

cases that say, well, in the Exchange Act context at the pleading stage, we're not going to grant the motion to dismiss because maybe an investor would have relied on the underwriting agreement.

THE COURT:  When you're talking about strict liability, you're saying, look, it doesn't -- it shouldn't apply in the same way.

MR. ROSENBERG:  Exactly.

THE COURT:  Convince me of that in your submission. But, you know, I'm letting you know now that I'm not all together convinced.

MS. CHEN:  May I, Your Honor?

THE COURT:  All right.  Thank you.

Yes.

MS. CHEN:  Thank you.

So our position is that the underwriting agreement of course is subject to Section 11, because Section 11 specifically said:  Any part of a registration statement, including the documents that are incorporated by reference into the registration statement --

THE COURT:  I'm sorry, are you saying including the documents that are incorporated by reference --

MS. CHEN:  By reference into the registration statement should be subject to Section 11.

We understand that defendants specific cite the

PROCEEDINGS                                    9

statutes that says that the compensation commission it must be included and required in the underwriting agreement, but that doesn't mean that other information that's referenced shouldn't be incorporated into the underwriting -- the registration statement.

THE COURT:  Do you have legal authority --

MS. CHEN:  Yes, we do.

THE COURT:  I just want to be clear.  In terms of whether or not defense counsel made a point, Your Honor, look, this is an attachment to, there was a determination that underwriter agreements should only be attached to and, therefore, that is meaningful, right, because the Congress required something more.

So my question for you in terms of the difference between attached to and incorporated by reference and how the Court should view an attached document, do you have authority that will the help guide the Court in that regard?

MS. CHEN:  I do.  Actually SEC, in SEC's elimination of certain pricing amendments and the revision of prospectus filing procedures specifically said that the underwriting agreement, or the final form thereof, should continue be filed as part of the registration statement.  And the statement doesn't carve out any statements other -- besides the commissions.

THE COURT:  Is that a quote?

PROCEEDINGS

10

MS. CHEN:  Yes, it is a quote.

THE COURT:  Can you say it again?

MS. CHEN:  It's -- the quote is:  The underwriting agreement, or the final form thereof, should continue be filed as part of the registration statement.

And also defendants actually expressly referenced the exhibits as part of the registration statement in the underwriting agreement, in that the clause in their underwriting agreement it defines the various parts of the registration statement, including all exhibits thereto, are hereinafter collectively called the registration statement.

Defendants didn't --

THE COURT:  Say it again, please?

MS. CHEN:  Defendants define the registration statement in the underwriting agreement as follows.

The various parts of the registration statement, including all exhibits thereto, are hereinafter collectively called the registration statements.

THE COURT:  Okay.

MS. CHEN:  Defendants did not carve out anything.

THE COURT:  I take your argument concerning the question of law, however, I will tell you, that question of law may also run against some questions of fact here.  I don't know.

But based on, at the least what's been articulated

by the plaintiff, it could be the case that in the normal course I might agree with you that the underwriter agreement wouldn't be included.

But you're going to have to contend with that language if, in fact, the defendants in this case, putting aside what would happen in the normal course, define the attachments themselves as part of the registration statement. So you're going to have to contend with that.

MR. ROSENBERG:  Will do.

THE COURT:  All right.  Thank you.

This is the reason why I have the PMCs is to try and figure out pressure points that I want you all to highlight for me.  So that's the first one.

Let's move on to, in terms of what I thought was a tough one to talk about today.  Give me a second.

I'm not going to deal with the questions of scienter or the fourth argument at this conference.

Okay, I do want to talk about the arguments made by Ms. De Vries.  The first argument, as I understand it, is that in her letter she says she shouldn't be considered a controlled person and that she did this in her own capacity.

This is quite typically a question of fact.  I don't know how the defendants think that I might be able to decide this question on a motion to dismiss at all.

MS. DIAKOS:  Thank you, Your Honor.  Let me start by

saying Ms. De Vries --

THE COURT:  De Vries, okay.

MS. DIAKOS:  She is not an officer or director of Full Truck.  She was an employee of a duly authorized representative.

THE COURT:  But it's pleaded that she had control. This is typically a question of fact, and she is a signatory, correct.

MS. DIAKOS:  She signed on the -- when you look at the signature on the F1 and all of the other documents that underlie the registration statement, that indicates that Cogency Global is the U.S. authorized representative.  That's on the very signature block.

THE COURT:  Do you have some authority on point for this on a motion to dismiss?

MS. DIAKOS:  Well, Your Honor, I think what the documents, the factual allegations consider the documents.

THE COURT:  That's an interesting response.  It's not a response to the question I posed; is it?

So I question I asked you:  Is do you have some authority, right, that squares with the factual scenario that we have here that would be able to guide the Court?

MS. DIAKOS:  I certainly have authority on the control person from the other courts or from the Eastern District of New York that have dismissed Section 15 claims

where no facts are alleged that would support the control person allegations, and here there are no facts alleged as against Ms. De Vries --

THE COURT:  Except for her signature on there.

MS. DIAKOS:  Except for her signature, and there has been -- I'll slow down.  There has been other cases where courts have dismissed cases where the only facts alleged is the signature on a control person.

THE COURT:  Okay.  Good.

Thank you.  Yes.

MS. CHEN:  Thank you, Your Honor.

I have authority, statutory authority, as to why on Ms. De Vries' is subject to Section 11 and Section 15 under the Securities Act.

Section 11 of Securities Act specifically said the people who are responsible, who should be held liable for material relations, the first one is every person who signed the registration statement.

Ms. De Vries specifically signed the registration statement.

THE COURT:  But according to the defendants' argument, which is that on the face of the documents she didn't sign as saying someone who says, you know, I'm vice president, I'm a CEO, whatever, she signed on behalf of an entity.  She didn't sign in her capacity as an officer or

director, et cetera.

MS. CHEN:  Yes, but that's not what Congress said. The Congress specifically said:  Every person who signed can be held liable.  Congress didn't say that whoever signed on behalf of a case, her employer, should know not be held liable.  That's not what Congress said.

Congress said whoever put your signature there should be held liable.

THE COURT:  Yes.

MS. CHEN:  And then my second point as to the controlling person liability under Section 15, is that Section 15 specifically states that:  Every person who, by or through agency, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through agency, controls other persons liable under Section 11, shall also be held jointly --

THE COURT:  Right, let me just stop you for a second.

So with respect to the Section 15 argument, as I understand the defendant's position, is that they're not disputing that that's what the statute says.  What they're saying is that there are no allegations, as I dig deep into this complaint, what I'm going to discovery is that with the exception of Ms. De Vries, having signed this document that you've not pleaded any other allegation that would demonstrate

the requisite control and that there is authority that

would -- such allegations are lacking, right, notwithstanding

the language of the statute, you have to, nonetheless, plead

the requisite control is what the defendants' argument is.

And so I'm not certain your response here goes to

the heart of the defendants' argument here.

MS. CHEN:  We allege that Ms. De Vries has control,

because according to SEC's rules, a private issuer, such as

FTA, must have an authorized service agency that put a

signature there.

THE COURT:  Let me stop you for a second.  I

understand -- no one is disputing what the SEC rules are.

What I'm going to be looking for is, one, that the

authority that the defendants provide me and to determine

whether or not, as the defendants suggest, that beyond her

simply signing this document, there needs to be facts alleged

that suggest that in this circumstance, the facts as pleaded,

support control.

So the answer to that question cannot be found in

the regulation, because the regulation is the law.  The

question is did you plead the requisite facts?

MS. CHEN:  The fact is that without her signature,

this registration statement could not be effective.  The

SEC --

THE COURT:  And that would mean the controlling

PROCEEDINGS                                    16

query would be a nullity because I would never really have to look at it, so long as someone signed it, I wouldn't ever have to look to see if the control is -- this is going to be a sticking point.  The PMC is not a way to resolve the issue.

That's what I'm going to be looking for.  I'm going to look to see if the authority that she cites is persuasive here.  And if I think it is, the response that you've going to have to do is identity in the complaint where the control is alleged.

Maybe you'll provide me with some of authority that says, you know, the signature is enough.

But I will tell you, implicit in your argument here today, seems to be a concession that all that you have alleged in this regard is the signature.

MS. CHEN:  Yes.

THE COURT:  So if she's right on the -- if she's right on this, in effect, you know you loose.  If she's right that simply alleging the signature isn't enough.

Because I don't think, based on what you've argued, that you're going to say, no, Judge, look at paragraph B, look at paragraph 12, look at paragraph 50.  I think you're going to say, yes, it's just a signature.

So the question is, and it should be a question that's easily answered by the case law, is whether that's enough to plead control for the purposes of pleading a

PROCEEDINGS                                    17

Section 12 case.

MS. CHEN:  No, I understand.

Just final point, our -- our arguments that the signature itself is sufficient, because like Your Honor properly pointed out, there is actually a Southern District of New York case that actually decided on this issue.

We're going to put it in our opposition and let Your Honor see it, that in that case Judge Furman specifically said that the signature itself is sufficient, at the motion to dismiss stage.  He let the case proceed.  He said that issue should be decided at summary judgment, but it is sufficient at motion to dismiss stage.

THE COURT:  We'll see.

Obviously I really like Second Circuit authority, only because it's much respected by half of my colleagues.  We only have our own opinions about how it should proceed, so my suggestion to you all is if you have Circuit authority, understand I'm going to look at that very closely.

MS. CHEN:  Sure.  Thank you, Your Honor.

THE COURT:  You're welcome.

All right.  Let's talk about briefing here.  And what the parties think they're going to want and what makes the most sense.

The issues obviously for Ms. De Vries, obviously it seems to me that the issues that she's arguing are unique to

PROCEEDINGS                                           18

her.

With respect to the other defendants, my preference is where there is overlap that I get an omnibus submission.  I don't need, want, have any interest in, reading multiple versions of the same argument, so I would prefer some coordination.

So what I'd like to do is to have you all make a proposal for the Court with respect to briefing.  Assuming that Ms. De Vries is going to need some -- a separate motion, I think appropriately, I'm not certain if you need 25 pages for it, though.

MS. DIAKOS:  No, Your Honor, I agree, we don't.

THE COURT:  Okay, what do you think you need?

MS. DIAKOS:  No more than 15.

THE COURT:  I think that sounds right good.  All right.

So your -- Ms. De Vries' brief will be 15, any opposition thereto will also be limited to 15 pages.  And you'll get five pages on a reply, if any, okay?

With the rest of the remaining defendants, I would prefer for you to have an omnibus submission, and the 25 pages should be able to, I think, handle that.  At most I'll give you 30, what do you think?

MR. JIN:  Your Honor, I think 30 will be preferred.

THE COURT:  All right.  You know, the old adage:  I

would have written you a shorter letter but I ran out of time. Remember that when you write that.

MR. JIN:  We'll be concise.

THE COURT:  Thank you.

All right, so 30 pages for the omnibus submission regarding the remaining arguments on a motion to dismiss by the defendants.  And any opposition thereto by the plaintiff likewise will be extended to 30 pages, and ten pages on a reply, if any.

All right, let's talk about timing, folks.

Typically the parties should be prepared, as my individual rules say, to brief a motion to dismiss within two weeks, however, given the fact that you all have to coordinate with each other, I'm prepared to extend that period of time.

How much time do you want or need?  Ask for it now, I prefer to just give it to you today then to have to deal with subsequent requests for an extension of time.  But also if you ask for it now, then if you ask me for an extension of time I will tell you, I told you to ask for it.

MR. JIN:  Understood.  Understood, Your Honor.

First I want to bring to your attention that we actually have previously submitted a briefing schedule that Your Honor approved.

THE COURT:  I have not committed it to memory.

MR. JIN:  Under this schedule, we will be filing our

PROCEEDINGS 20

motions within 14 days from today.

THE COURT:  Oh, do you still want 14 days from today?  Because you didn't know when you made that request that I was going to require an omnibus submission.  Your colleague is saying:  No, man, no.  He is saying, What is wrong with you?

MR. JIN:  No, Your Honor, I mean Your Honor's correct that we probably should coordinate a little bit more.

THE COURT:  You want to tell me tomorrow?  Or do you want to give me a date now?  What is it?

MS. CHEN:  Your Honor, how about we, defendants and plaintiffs, talk --

THE COURT:  That works for me.

MS. CHEN:  -- and we propose a schedule together.

THE COURT:  I will take that tomorrow by the end of day, folks?

MS. CHEN:  Thank you.

THE COURT:  And that will include Ms. De Vries as well.  Whatever they get you get, too.

All right, is there anything else I need to address before we adjourn?  No?  Okay.

MR. JIN:  Nothing additional from us.

THE COURT:  Thank you.

MS. CHEN:  Nothing from us.

THE COURT:  I look forward to your submissions.

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

PROCEEDINGS                                    21

There's some interesting questions of law, perhaps some of fact here as well, but certainly interesting questions of law.

I am particularly interested in this underwriter issue as a legal question.  This certainly does not mean that the first argument that the defendants have put in their premotion conference concerning whether there's an alleged misstatement has not been lost on me.  It's just I'm not dealing with it today.

But I am curious about this underwriter issue, because I have it another case.  So you all should educate me so that I can steal all of you genius and apply it to my other matter.

All right, folks, unless there is anything else, we're adjourned.

(Whereupon, the matter was concluded.)


                    *    *    *    *    *




I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


    s/ Linda D. Danelczyk                    February 2, 2023

      LINDA D. DANELCZYK                       DATE


*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*