**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRATYUSH KOHLI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FULL TRUCK ALLIANCE CO. LTD., PETER HUI ZHANG, SIMON CHONG CAI, SHANSHAN GUO, GUIZHEN MA, WENJIAN DAI, RICHARD WEIDONG JI, JENNIFER XINZHE LI, COLLEEN A. DE VRIES, COGENCY GLOBAL, INC., MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, GOLDMAN SACHS (ASIA) L.L.C., UBS SECURITIES LLC, HUATAI SECURITIES (USA), INC., CITIGROUP GLOBAL MARKETS INC., NOMURA SECURITIES INTERNATIONAL, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, AND CLSA LIMITED,<br><br>Defendants. | Case No. 1:21-cv-03903-LDH-MMH |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE EXTRINSIC DOCUMENTS SUBMITTED WITH DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS AND ALL REFERENCES THERETO, OR, ALTERNATIVELY, MOTION FOR LEAVE TO FILE SUR-REPLY**

**TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................................... 1

II.   ARGUMENT ............................................................................................................... 2

   A.   The Court Must Strike the Extrinsic Documents Because They Are Not Attached to, Incorporated by Reference in or Integral to The Complaint, or Judicially Noticeable....... 2

   B.   The Court Should Strike the Extrinsic Documents and Defendants' New Argument Because Defendants Belatedly Raise Them for The First Time in The Reply.................... 7

   C.   Alternatively, the Court Should Grant Plaintiffs Leave to File a Sur-Reply ...................... 8

III.  CONCLUSION.............................................................................................................. 9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*,
485 F.3d 85 (2d Cir. 2007) .................................................................................... 7

*Anderson v. Nat'l Grid, PLC*,
93 F. Supp. 3d 120 (E.D.N.Y. 2015) ...................................................................... 7

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) .................................................................................... 3

*Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*,
215 F.3d 219 (2d Cir. 2000) .................................................................................. 8

*Black v. TIC Inv. Corp.*,
900 F.2d 112 (7th Cir. 1990) ................................................................................. 9

*Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*,
754 F.2d 404 (1st Cir.1985).................................................................................... 9

*Day Vill. Ltd. P'ship v. CW Capital L.L.C.*,
2006 WL 2572118 (S.D.N.Y. Sept. 7, 2006)......................................................... 8

*DiFolco v. MSNBC Cable L.L.C.*,
622 F.3d 104 (2d Cir. 2010) .............................................................................. 4, 6

*Glob. Network Commc'ns, Inc. v. City of N.Y.*,
458 F.3d 150 (2d Cir. 2006) .................................................................................. 2

*Goel v. Bunge, Ltd.*,
820 F.3d 554 (2d Cir. 2016) .................................................................................. 3

*Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*,
2012 WL 4049955 (S.D.N.Y. Sept. 14, 2012)....................................................... 8

*Jenkins v. City of New York*,
1992 WL 147647 (S.D.N.Y. June 15, 1992) .......................................................... 6

*Knipe v. Skinner*,
999 F.2d 708 (2d Cir. 1993) .............................................................................. 7, 8

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991) .................................................................................. 3

*Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.,*
  767 F. Supp. 1220 (S.D.N.Y.1991) ....................................................................... 8, 9

*Perez v. Manna 2nd Ave. LLC,*
  2016 WL 7489040 (S.D.N.Y. Dec. 28, 2016) ........................................................... 7

*Playboy Enterprises, Inc. v. Dumas,*
  960 F. Supp. 710 (S.D.N.Y. 1997) ............................................................................ 7

*Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.,*
  687 F. Supp. 2d 381 (S.D.N.Y. 2010) ....................................................................... 8

*Sierra v. United States,*
  1998 WL 599715 (S.D.N.Y. Sept. 10, 1998) ............................................................. 6

## **Rules**

Fed. R. Civ. P. 12 ...................................................................................................... 2, 4

Lead Plaintiff Pratyush Kohli and named plaintiff Shivtaj Zirvi ("Plaintiffs") submit this Memorandum of Law in support of their motion to strike Exhibits 8,9 and 10 to the Declaration of Bo Bryan Jin in further support of Defendants' Motions to Dismiss the Second Amended Class Action Complaint ("Extrinsic Documents", Dkts. 80-1, 80-2, 80-3) and the related new argument raised for the first time in Defendants' Omnibus Reply Memorandum in Support of Defendants' Motions to Dismiss the Second Amended Complaint[1] ("Reply" at 5, Dkt. 79) in connection with the Extrinsic Documents; or alternatively, motion for leave to file a sur-reply.

## I.    <u>INTRODUCTION</u>

Disregarding well-settled Second Circuit precedent, Defendants[2] improperly submit the Extrinsic Documents, in connection with a new argument made for the first time in their Reply that they could have made in their opening briefs. In their Reply, Defendants advance a new argument that "widely circulated English-language media" had reported the omissions alleged in the Complaint and made them "publicly known" to English-speaking U.S. investors, thus eliminating Defendants' duty to disclose. (Reply at 5.) To support their untimely argument,

---

[1] The Second Amended Complaint (Dkt. 36) is hereinafter referred to as the "Complaint." The defined terms used herein have the same meanings assigned in the Complaint and Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Dismiss (the "Opposition", Dkt. 74). References to "¶_" are to paragraphs of the Complaint.

[2] Defendants here include Full Truck Alliance Co. Ltd. ("FTA" or the "Company"), Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Ltd., Goldman Sachs (Asia) LLC, UBS Securities LLC, Huatai Securities (USA), Inc., Citigroup Global Markets Inc., and Nomura Securities International, Inc., Colleen A. De Vries and Cogency Global, Inc. Plaintiffs mailed requests for service of process on the Individual Defendants (¶¶20-27) and the Underwriter Defendants China Renaissance Securities (Hong Kong) Limited ("China Renaissance") and CLSA Limited ("CLSA") (¶37,38) via express delivery to the People's Republic of China ("China") and the Hong Kong Special Administrative Region of the People's Republic of China ("SAR"), respectively, pursuant to the Hague Service Convention, in late 2022. To date, the Individual Defendants have not been served. China Renaissance was served on December 21, 2022 and CLSA on February 20, 2023. (*See* Dkt. 82,83.) Pursuant to the Court's so-ordered stipulation, CLSA's time to respond to the Complaint is extended until 30 days after the Court rules on the omnibus motion to dismiss. (*See* Dkt. 70.)

1

Defendants belatedly found and attached the three English-language articles, which were published well before the Complaint and thus well before Defendants' motions to dismiss ("Motions to Dismiss", Dkts. 71,76). Moreover, these articles are outside the Complaint's allegations, are not attached to, incorporated by reference in, or integral to the Complaint, and do not fall within the narrow exceptions that would allow the Court to consider them in ruling on Defendants' Motions to Dismiss. Defendants have accordingly waived their right to submit the Extrinsic Documents and the new argument made in connection therewith by failing to do so in their opening briefs. Defendants' belated argument and Extrinsic Documents unjustly deprive Plaintiffs of the opportunity to respond and should be stricken.

Alternatively, the Court should grant Plaintiffs' motion for leave to file the attached [proposed] sur-reply showing that the new argument and the Extrinsic Documents do not bear on the core allegations in the Complaint and without merit because *none* of the Extrinsic Documents reported that the Chinese government's May 14 order had ordered FTA to enhance its data protection, FTA's defiance of the order in taking no steps at all to comply with that order, or the specific material risks arising therefrom—the very information uniquely in Defendants' possession and omitted from FTA's Registration Statement that is the crux of Plaintiffs' claim.

## II.   ARGUMENT

### A.   The Court Must Strike the Extrinsic Documents Because They Are Not Attached to, Incorporated by Reference in or Integral to The Complaint, or Judicially Noticeable.

In resolving a motion to dismiss under Rule 12(b)(6), a court may not consider any materials outside of the pleadings that do not fall within one of the established exceptions without converting the motion to a Rule 56 motion, irrespective of whether a party has moved to strike them. *See* Fed. R. Civ. P. 12(d); *see also Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 155 (2d Cir. 2006) (explaining that Rule 12(d)'s conversion requirement is

2

"strictly enforce[d]" and "mandatory"). Specifically, courts "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Courts may also consider "matters of which judicial notice may be taken," *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016), including documents that both "bear on the adequacy" of SEC disclosures and are "public disclosure documents required by law," *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

The Extrinsic Documents are English-language news articles published in May 2021 reporting the May 14 Meeting held by IMJC with FTA and another 9 transportation app companies. (¶70.) While mentioning FTA in passing, the articles primarily focused on Didi, a large Chinese company, which had initiated its U.S. IPO process and could be of interest to the U.S. investing public, and Meituan, whose shares are available for trading to the U.S. investors on the OTC market. Notably, Exhibit 10 noted that FTA had *denied* any plan to enter the U.S. stock market via IPO. (Ex. 10 at 1.) Relying on the articles, Defendants make the new argument in their Reply that the alleged omissions in the Complaint—including, *inter alia*, (1) the Chinese government's order that FTA heighten personal information protection, (2) FTA's defiance of that order, (3) the material risks arising from such defiance (¶¶99-106; Opposition 15-21)—had been "publicly known" to U.S. investors, immunizing Defendants from their duty to disclose. (Reply at 5.)  But the articles are not attached to, referenced in, or integral to Plaintiffs' Complaint, and do not even bear on the salient allegations in the case, and thus should be stricken.

First, Plaintiffs do not attach these Extrinsic Documents to the Complaint. Neither of the Plaintiffs were aware of any of the Extrinsic Documents when bringing the suit. Indeed,

3

Defendants themselves apparently could not find, and did not submit, these articles until their Reply; thus, Defendants cannot credibly charge Plaintiffs with knowledge of them.

Second, the Extrinsic Documents are not referenced in or integral to the Complaint. While they cannot dispute this, as a proxy, in the Reply, Defendants erroneously represent that the Extrinsic Documents "specifically cite to the State Council Article" (Reply at 5)—the publication published by the Chinese central government[3] on its official website reporting the May 14 Meeting, which is referenced in and integral to the Complaint. (*See* Ex. B to Kim Declaration in support of the Opposition (Dkt. 75-2); *see also* ¶¶70, 70 n.22; Opposition at 7; Motion to Dismiss at 11.)

Defendants are simply wrong. The Extrinsic Documents all reported that they sourced the contents of the May 14 Meeting from "China Transport News," *not* the official State Council Article. (*See* Ex. 8 at 2, Ex. 9 at 1; Ex. 10 at 1.) Notably, Exs. 8 and 9 were published two days before the State Council's May 16 official publication, thus it was *impossible* that they could "specifically cite to the State Council Article" as Defendants misrepresent. (Reply at 5.) Defendants do not even indicate whether the attribution they reference to "China Transport News" was to a human (oral) source, or a written source.  Plaintiffs are unaware of any article sourced from China Transport News reporting the May 14 Meeting. Nor have Defendants submitted any such China Transport News article for the Court and Plaintiffs, to examine its authenticity and reliability. In any event, neither the China Transport News "article" (if there was one) nor the Extrinsic Documents are referenced in, relied on by, or integral to the Complaint and should be stricken. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (in considering a Rule 12(b)(6) motion to dismiss, a district court must only consider the facts alleged in the

---

[3] China's State Council, synonymous with the Central People's Government, is the chief administrative authority of China. (*See* ¶65.)

complaint, documents attached to the complaint as exhibits, documents incorporated by reference in the complaint, documents whose "terms and effect" the complaint "relies heavily upon" "thereby rendering the document integral to the complaint").

Third, the Extrinsic Documents did not mention any of the omissions alleged in the Complaint (¶¶99-106; Opposition 15-21) and thus do not bear on the salient allegations in this case. Concerning the May 14 Meeting, the Extrinsic Documents focused on and only reported such governmental orders as to stop "arbitrary price hikes," the "monopoly on freight data," and "unfair treatment of drivers" (Ex. 8), "overly high costs for drivers, opaque mechanisms for sharing profits and arbitrary changes to pricing… monopolising transport data, forcing down industry prices and charging additional member fees at random" (Ex. 9), and "monopolistic practices [and] poor treatment of workers" (Ex. 10). *None* of the Extrinsic Documents mentioned the fact that at the May 14 Meeting the Chinese government also ordered FTA (and other attendees) to heighten personal information protection, as stated in the official State Council Article. (*Cf.* Kim Decl. Ex. B.) *Nor* did any of the Extrinsic Documents report FTA's defiance of the order and the specific material risks arising from such defiance—information uniquely in Defendants' possession.

Defendants misleadingly represent that the article attached as Exhibit 9 reported that user data protection "was one of the issues discussed at the meetings". (Rely at 5.) In fact, the article mentioned data protection in passing only where "an independent technology analyst", who was unrelated to the Chinese government or FTA, and clearly claimed no personal knowledge of the May 14 Meeting, voiced his personal *speculation* on the significance of the May 14 Meeting as "part of" China's "evolving campaign" to "reign in its internet giants" on several issues (principally monopolization), and including to "ensure user data is protected." (Ex. 9 at 1.) Indeed, Defendants appear to understand that their representation is presented out of context and incorrect

5

and thus ambiguously refer to unspecified "meetings" (Reply at 5) rather than the May 14 Meeting at issue.

Because the Extrinsic Documents reported none of the alleged omissions in the Complaint and thus are not relevant to the principal claim in this case, the Court should strike the Extrinsic Documents and the reference to them in the Reply. *See DiFolco* at 111 (2d Cir. 2010) ("[E]ven if a document is integral to the complaint, … [i]t must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.").

Fourth, because the Extrinsic Documents are neither referenced in nor relied on by the Complaint, the Extrinsic Documents are not judicially noticeable. *See In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 n.14 (S.D.N.Y. 2015) (declining to take judicial notice of news articles because complaint neither referenced nor relied on them) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) ("[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." (emphasis in original)), *aff'd sub nom. Klein v. PetroChina Co,* 644 Fed. Appx. 13 (2d Cir. 2016).

In summary, the Court should strike or disregard the Extrinsic Documents and the references to them in the Reply (Reply at 5) because they are not attached to, incorporated by reference in or integral to the Complaint, or judicially noticeable, and therefore, are improper. *See Sierra v. United States*, 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) ("A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances."); *see also Jenkins v. City of New York,* 1992 WL 147647 (S.D.N.Y. June 15, 1992) (striking affidavit opposing summary judgment as improper hearsay).

**B.**     **The Court Should Strike the Extrinsic Documents and Defendants' New Argument Because Defendants Belatedly Raise Them for The First Time in The Reply.**

The law in the Second Circuit is clear that arguments or requests for relief raised for the first time in reply briefs must not be considered. *See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("[W]e decline to consider an argument raised for the first time in a reply brief."); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."). "A court may strike portions of reply submissions if they add new material that should have been included in the opening papers, as long as the new material is not merely in response to a new issue raised by the opposition papers." *Perez v. Manna 2nd Ave. LLC*, 2016 WL 7489040, at *4 (S.D.N.Y. Dec. 28, 2016). Accordingly, "[a]rguments made for the first time in a reply brief need not be considered by a court." *Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd,* 159 F.3d 1347 (2d Cir. 1998).

Such is the case here. Defendants raise for the first time in their Reply a new argument relying on the Extrinsic Documents: that there existed English-language news articles reporting on the May 14 Meeting that disclosed the material information omitted from the misleading statements by Defendants as alleged in the Complaint, and that these articles were publicly known to U.S. investors. That argument, and the supporting Extrinsic Documents (dated May 14 and 17, 2021), were available well before Defendants served their Motions to Dismiss. The Court, therefore, should strike or disregard such argument and the Extrinsic Documents for their untimeliness. *Knipe*, 999 F.2d at 711 (striking reply brief as "irrelevant": "Arguments may not be made for the first time in a reply brief."); *see also Anderson v. Nat'l Grid, PLC*, 93 F. Supp. 3d 120, 144 n.17 (E.D.N.Y. 2015) (declining to consider an affidavit submitted for the time on reply);

7

*Day Vill. Ltd. P'ship v. CW Capital L.L.C.,* 2006 WL 2572118, at *3 (S.D.N.Y. Sept. 7, 2006) (refusing to consider affidavit submitted with reply papers) (citing *Knipe*, at 711).

**C. Alternatively, the Court Should Grant Plaintiffs Leave to File a Sur-Reply**

"Where new evidence is presented in a party's reply brief . . . the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000). "It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010); *see also Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*, 2012 WL 4049955, at *6 (S.D.N.Y. Sept. 14, 2012) (holding that because the "reply raised new issues material to the disposition of the question[s] before the court," the "Sur–Reply is accepted").

As stated, the Extrinsic Documents were published in May 2021, long before Defendants served their opening briefs on Plaintiffs on February 2, 2023. If Defendants believed that the English-language Extrinsic Documents had made the alleged material omissions "publicly known" to English-speaking U.S. investors before FTA's IPO (Reply at 5), Defendants could and should have made the argument in their opening briefs and submitted the Extrinsic Documents back then. For this reason, if the argument and Extrinsic Documents are not stricken, the Court should grant Plaintiffs leave to file the [proposed] sur-reply attached hereto to address Defendants' new argument. *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.,* 767 F. Supp. 1220, 1235 (S.D.N.Y.1991), *rev'd on other grounds,* 967 F.2d 742 (2d Cir.1992)) ("Where new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion."); *see also Bayway*, 215 F.3d at 226–27 (noting that the non-moving party should have

8

moved the district court for leave to file a sur-reply to respond to Bayway's evidence submitted in the moving party's reply for the first time and "thus failed to seek a timely remedy for any injustice.") (citing *Litton Indus.,* 767 F. Supp. at 1235); *Black v. TIC Inv. Corp.*, 900 F.2d 112, 114 (7th Cir. 1990) (remanding because the district court considered an affidavit submitted on reply: "Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond."); *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.,* 754 F.2d 404, 409–10 (1st Cir.1985) (reversing and remanding, finding that the nonmoving party should have had opportunity to examine and reply to moving party's new reasons advanced in the reply brief and untimely filed evidence on reply prior to hearing and disposition of summary judgment motion).

The [proposed] sur-reply, a copy of which is attached hereto as Exhibit A (the "Sur-reply"), is four pages and addresses only the new argument and the Extrinsic Documents that Defendants submit on reply.  It is not being offered for any improper purpose. Thus, if the Court is not inclined to strike or disregard the Extrinsic Documents and Defendants' attendant arguments, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a sur-reply.

## III.    CONCLUSION

For the foregoing reasons, the Court should strike or disregard Defendants' argument and the Extrinsic Documents, or, alternatively, grant Plaintiffs leave to file the [proposed] sur-reply.


Dated: June 9, 2023                          Respectfully submitted,

                                             **THE ROSEN LAW FIRM, P.A.**

                                             By: */s/Phillip Kim_____*
                                             Phillip Kim
                                             Laurence M. Rosen
                                             275 Madison Ave., 40th Floor
                                             New York, NY 10016

9

Tel: (212) 686-1060
Fax: (212) 202-3827
Emails: pkim@rosenlegal.com
        lrosen@rosenlegal.com

Jing Chen
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email:  jchen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*


**LEVI & KORSINSKY, LLP**

By: */s/ Nicholas Porritt*____
Nicholas I. Porritt
Andrew Lencyk
Max E. Weiss
55 Broadway, #427
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Emails: nporritt@zlk.com
        alencyk@zlk.com
        mweiss@zlk.com

*Co-Counsel for Plaintiffs and the Class*