UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRATYUSH KOHLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FULL TRUCK ALLIANCE CO. LTD., PETER HUI ZHANG, SIMON CHONG CAI, SHANSHAN GUO, GUIZHEN MA, WENJIAN DAI, RICHARD WEIDONG JI, JENNIFER XINZHE LI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, GOLDMAN SACHS (ASIA) L.L.C., UBS SECURITIES LLC, HUATAI SECURITIES (USA), INC., CITIGROUP GLOBAL MARKETS INC., NOMURA SECURITIES INTERNATIONAL, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, and CLSA LIMITED,<br><br>Defendants. | Case No.: 1:21-cv-03903-LDH-MMH<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE, OR ALTERNATIVELY, MOTION FOR LEAVE TO FILE SUR-REPLY**

Jonathan Rosenberg
Abby F. Rudzin
William K. Pao (*pro hac vice*)
O'MELVENY & MYERS LLP

*Attorneys for Defendants Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Ltd., Goldman Sachs (Asia) LLC, UBS Securities LLC, Huatai Securities (USA), Inc., Citigroup Global Markets Inc., and Nomura Securities International, Inc.*

George S. Wang
Bo Bryan Jin (*pro hac vice*)
Ziwei Xiao (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
*Attorneys for Defendant Full Truck Alliance Co. Ltd.*

Joanna A. Diakos
K&L GATES LLP
*Attorney for Defendants Cogency Global Inc. and Colleen A. De Vries*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

    **I.**     The Court May Take Judicial Notice Of The English-Language Articles For The Fact Of Publication. ....................................................................................2

    **II.**    Defendants Did Not Raise Any New Argument In Connection With The English-Language Articles..........................................................................................5

    **III.**   No Good Cause Supports The Filing Of A Sur-Reply. ...........................................7

i

## TABLE OF AUTHORITIES

**Page**

### Cases

*Alvarez v. Experian Info. Sols., Inc.,*
No. 19CV03343, 2023 WL 2519249 (E.D.N.Y. Mar. 15, 2023) ............................ 6

*Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.,*
215 F.3d 219 (2d Cir. 2000) ............................................................................... 5, 6

*Burns v. Bank of Am.,*
No. 03CV1685, 2007 WL 1589437 (S.D.N.Y. June 4, 2007) ................................ 6

*Chaney v. Stewart,*
No. 213CV246, 2015 WL 1538021 (D. Vt. Apr. 7, 2015) ..................................... 7

*Condit v. Dunne,*
317 F. Supp. 2d 344 (S.D.N.Y. 2004) .................................................................. 3

*Convergen Energy LLC v. Brooks,*
No. 20CV3746, 2020 WL 4500184 (S.D.N.Y. Aug. 5, 2020) ............................... 7

*Gamm v. Sanderson Farms, Inc.,*
No. 16CV8420, 2018 WL 1319157 (S.D.N.Y. Jan. 19, 2018) ............................... 3

*Garber v. Legg Mason Inc.,*
347 F. App'x 665 (2d Cir. 2009) ......................................................................... 5

*Garnett-Bishop v. New York Cmty. Bancorp, Inc.,*
No. 12CV2285, 2014 WL 5822628 (E.D.N.Y. Nov. 6, 2014) ............................... 6

*Grant v. Cnty. of Erie,*
542 F. Appx. 21 (2d Cir. 2013) ........................................................................... 4

*Hervochon v. Iona Coll.,*
No. 14CV06017, 2019 WL 2451295 (S.D.N.Y. Jan. 18, 2019) ............................ 8

*Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin,*
No. 121CV09221, 2022 U.S. Dist. LEXIS 207461 (S.D.N.Y. Apr. 22, 2022) ........ 7

*In re Bank of Am. AIG Disclosure Sec. Litig.,*
980 F. Sup. 2d 564 (S.D.N.Y. 2013) .................................................................... 2

*In re Firestar Diamond, Inc.,*
643 B.R. 528 (Bankr. S.D.N.Y. 2022) .................................................................. 7

*In re Take-Two Interactive Sec. Litig.,*
551 F. Supp. 2d 247 (S.D.N.Y. 2018) .................................................................. 5

i

*Lipow v. Net 1 UEPS Techs., Inc.*,
  131 F. Supp. 3d 144 (S.D.N.Y. 2015) ............................................................................... 5

*Nayani v. LifeStance Health Group, Inc.*,
  No. 21CV03903, 2023 WL 3260260 (S.D.N.Y. May 4, 2023), .................................... 8

*OneBeacon Am. Ins. Co. v. Comsec Ventures Int'l, Inc.*,
  No. 807CV900, 2010 WL 114819 (N.D.N.Y. Jan. 7, 2010) ........................................ 8

*Preston Hollow Capital LLC v. Nuveen Asset Mgmt. LLC*,
  343 F.R.D. 460 (S.D.N.Y. 2023) ................................................................................. 7

*Staehr v. Hartford Fin. Serv. Grp., Inc.*,
  547 F.3d 406 (2d Cir. 2008) ......................................................................................... 3

*Yorke v. TSE Grp. LLC*,
  No. 18CV5268, 2019 WL 3219384 (S.D.N.Y. July 17, 2019) ................................... 6

*Zirogiannis v. Seterus, Inc.*,
  221 F. Supp. 3d 292 (E.D.N.Y. 2016) ......................................................................... 6

## **Rules**

Fed. R. Civ. P. 12(f) ....................................................................................................... 6

Fed. R. Civ. P. 7 .............................................................................................................. 6

**INTRODUCTION**

In this putative securities class action, Plaintiffs allege that unbeknownst to investors, PRC[1] regulators expressly ordered FTA to improve its personal information protection practices at two Pre-IPO Meetings, including in particular the May 14 Meeting.  As Defendants pointed out in support of their motions to dismiss, Plaintiffs' reliance on two contemporaneous news reports of the Pre-IPO Meetings as the factual basis of the purported "order" puts them on the horns of a dilemma—if the order existed, it would have been public knowledge, which by definition, could not have been concealed.  *See* ECF No. 72 at 12–14.

In opposing Defendants' motions to dismiss, Plaintiffs argued that the very articles on which they relied were not publicly known because they were published in Chinese and "[t]here is no indication similar articles appeared in English."  ECF No. 74 at 25.  In response, Defendants explained that the Chinese-language articles—published by the PRC government itself—were in the mix of public information under established case law.  Defendants also pointed out that, in any event, widely circulated English-language media also reported the Pre-IPO Meetings and submitted to the Court contemporaneous news reports published by Bloomberg, Financial Times, and Barron's (collectively, the "English-Language Articles").  ECF No. 79 at 5.

Plaintiffs have now filed a Motion to Strike Extrinsic Documents Submitted With Defendants' Reply Memorandum in Support Of Motions To Dismiss And All References Thereto, Or, Alternatively, Motion For Leave To File Sur-Reply (the "Motion"), objecting to the English-Language Articles as "new" evidence and the related discussions in Defendants' motion-

---

[1]  Capitalized terms not defined herein have the same meanings as in the Memorandum of Law In Support of FTA and Appearing Underwriters' Omnibus Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 72), and the Omnibus Reply Memorandum of Law In Further Support of Defendants' Motions to Dismiss (ECF No. 79).

1

to-dismiss reply as "new" arguments.  The Motion should be denied.

**First**, Plaintiffs urge the Court to strike the English-Language Articles because they are not incorporated by reference or relied upon in the Complaint.  But incorporation by reference is not the only basis for the Court to consider extrinsic materials.  Courts in this Circuit can and often do take judicial notice of news articles where, as here, they are offered not for the truth of the matter asserted but for the mere fact of publication.

**Second**, Plaintiffs characterize as "new" Defendants' argument in their motion-to-dismiss reply that there was English press coverage of the Pre-IPO Meeting.  Defendants' argument, however, responded directly to Plaintiffs' claim that such English reports did not exist, an issue first raised in Plaintiffs' motion-to-dismiss opposition.  Defendants' response based on the English-Language Articles was entirely appropriate.

**Lastly**, Plaintiffs' proposed sur-reply is neither warranted nor proper.  Plaintiffs have already submitted a 45-page opposition to Defendants' motions to dismiss, and have demonstrated no basis for submitting additional papers that largely regurgitate the same arguments.

## ARGUMENT

**I.    The Court May Take Judicial Notice Of The English-Language Articles For The Fact Of Publication.**

Plaintiffs concede that the Court can consider on a motion to dismiss documents that are subject to judicial notice.  *See* Motion at 3.  Defendants cited to the English-Language Articles, not for the truth of the matter asserted, but solely to show that "widely circulated English-language media also reported the Pre-IPO Meetings."  ECF No. 79 at 5.  Courts routinely take judicial notice of "press coverage establishing what information existed in the public domain during periods relevant to [P]laintiffs' claims."  *In re Bank of Am. AIG Disclosure Sec. Litig.*,

2

980 F. Sup. 2d 564, 570 (S.D.N.Y. 2013); *see also Gamm v. Sanderson Farms, Inc.*, No. 16CV8420, 2018 WL 1319157, at \*5 (S.D.N.Y. Jan. 19, 2018) (noticing news article as evidence that challenged conduct was "public information" at time of plaintiffs' purchase); *Condit v. Dunne*, 317 F. Supp. 2d 344, 357-58 (S.D.N.Y. 2004) (considering news articles for fact of publication and "tak[ing] judicial notice of the widespread publicity"). The English-Language Articles are thus properly before the Court "to show that certain things were said in the press." *Staehr v. Hartford Fin. Serv. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (finding it proper to take judicial notice of news articles for fact of publication).

Plaintiffs nevertheless argue that the Court cannot take judicial notice of the English-Language Articles, because those articles (1) "reported none of the alleged omissions in the Complaint and thus are not relevant to the principal claim in this case" and (2) "are neither referenced in nor relied on by the Complaint." Motion at 6. Plaintiffs are incorrect.

**First**, this lawsuit is premised on Plaintiffs' allegation that "FTA did not disclose . . . that on May 14, 2021, one month before the IPO, top Chinese regulatory authorities, including the CAC, held a meeting with FTA identifying a spate of misconduct damaging truckers' rights." Compl. ¶ 8. Thus, the Complaint puts squarely at issue whether, and if so to what extent, the May 14 Meeting was publicly reported. Contrary to Plaintiffs' strained argument that the English-Language Articles are irrelevant, those Articles (dated between May 14 and May 17, 2021) disclosed, among other things, that:

- "Regulators including the State Administration for Market Regulation and transport ministry summoned executives from the 10 companies, which included shipping services Full Truck Alliance and Huolala, to a meeting Friday, the state-backed China Transport News reported." ECF No. 80-1.

- "Executives from 10 companies that run platforms for ride-hailing and freight deliveries were called in on Friday for a meeting with eight government departments, . . . according to the state-run China Transport News." ECF No. 80-

3

2.

- "The summons is part of an evolving campaign by China's regulators to reign in its internet giants and to enforce new rules to break up monopolies and ensure user data is protected, according to Will Tao, an independent technology analyst." *Id.*

- "The meetings require that each company face up to its own problems, earnestly implement the main responsibility of their enterprises, and immediately carry out rectification[.]"  Ex. No. 80-3.

Plaintiffs also take issue with the sources of the English-Language Articles, criticizing them for referring to a Chinese-language news report published by the PRC Ministry of Transport,[2] as opposed to the PRC State Council,[3] or because they included commentary from analysts.  *See* Motion at 4–5.  But none of these changes the fact that the English-Language Articles are properly subject to judicial notice for the fact of publication, and the Court should have the benefit of both the English-Language Articles and the contemporaneous Chinese-language articles in determining whether the alleged omissions were, in fact, public knowledge.

**Second,** Plaintiffs' argument that a document is not judicially noticeable if it is "neither referenced in nor relied on by the [c]omplaint" conflates judicial notice and incorporation by reference, two separate and independent doctrines.  Motion at 6.  The Court may consider "facts of which judicial notice may properly be taken" ***in addition to*** documents incorporated by reference or relied upon in the Complaint.  *Grant v. Cnty. of Erie*, 542 F. Appx. 21, 23 (2d Cir. 2013).  In particular, it is well-established law in this Circuit that a "court may take judicial

---

[2]  As explained in the English-Language Articles, China Transport News, or sometimes translated as China Transportation News, "is run by the [PRC] Ministry of Transport"—the government agency that led the May 14 Meeting.  ECF No. 80-3.

[3]  In fact, the State Council Article was first published by the Ministry of Transport on May 14, 2021 and was subsequently republished by the PRC State Council two days later on May 16, 2021.  *Compare* ECF No. 73-3 with Ex. 1 to Declaration of Bo Bryan Jin; *see* ECF No. 73-3 (identifying its source as "'Ministry of Transport' WeChat official").  That is, the article published by the Ministry of Transport, to which all three English-Language Articles directed their readers, is the same article that later appeared as the State Council Article.

4

notice of fact of article's publication even if article was not attached to complaint or incorporated therein by reference." *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 286 n.24 (S.D.N.Y. 2018) (citation omitted); *see also Garber v. Legg Mason Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009) (taking judicial notice of news articles offered to show what information was publicly available even though the articles "are not mentioned on the face of the complaint"); *Lipow v. Net 1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144, 158 (S.D.N.Y. 2015) (taking judicial notice of research report and press release "not referenced or relied on by the Amended Complaint").

## II.    Defendants Did Not Raise Any New Argument In Connection With The English-Language Articles.

The alternative ground for Plaintiffs' Motion—that Defendants relied upon the English-Language Articles to raise a new argument in their motion-to-dismiss reply brief—also lacks merit. Plaintiffs are incorrect that "Defendants make the new argument in their Reply that the alleged omissions in the Complaint . . . had been 'publicly known' to U.S. investors." Motion at 3. Defendants' opening brief in support of their motions to dismiss clearly stated that, to the extent the alleged "express order" existed, the order and FTA's purported defiance thereof "would have been publicly known" through contemporaneous public announcements on which Plaintiffs relied for these allegations. ECF No. 72 at 12–14.

In opposing Defendants' motions to dismiss, Plaintiffs argued that the Pre-IPO Meetings were only reported in Chinese and thus could not have been known by the U.S. investors. ECF No. 74 at 25. In particular, Plaintiffs argued that "[t]here is no indication similar articles appeared in English, or that the Chinese articles were picked up by U.S. news sources, or mentioned by analysts." *Id.*

"[R]eply papers may properly address new material issues raised in the opposition papers

5

so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000). Defendants did exactly that—pointing out in their reply brief that similar articles were indeed published in English, and supported that argument by attaching the English-Language Articles. Because "the new evidence submitted in reply . . . respond[s] directly to [plaintiffs'] argument, it is entirely appropriate to consider them." *Yorke v. TSE Grp. LLC*, No. 18CV5268, 2019 WL 3219384, at *2 (S.D.N.Y. July 17, 2019); *see also Alvarez v. Experian Info. Sols., Inc.*, No. 19CV03343, 2023 WL 2519249, at *3 (E.D.N.Y. Mar. 15, 2023) (refusing to strike arguments made in reply because it "respond[ed] to a new argument raised in an opposition"); *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298–99 (E.D.N.Y. 2016) (denying motion to strike reply because the alleged "new" argument "addresses and responds to arguments raised in . . . opposition").

Plaintiffs' assertion that the Articles were available when Defendants filed their motions to dismiss, *see* Motion 7, is irrelevant. Whether English-language media reported on the Pre-IPO Meetings was not a disputed material issue until Plaintiffs made it so in the motion-to-dismiss opposition. *See* Opp. 25; *see also generally* Compl. (making no reference to the existence of the said English articles or the lack thereof). Defendants' "reply submission was thus [their] first opportunity to rebut [the] argument." *Bayway*, 215 F.3d at 226–27. As a result, Plaintiffs have failed to establish any grounds for striking the English-Language Articles or the related arguments in Defendants' motion-to-dismiss reply.[4]

---

[4] Plaintiffs failed to identify any statutory basis for the Motion. To the extent that the Motion is made pursuant to Federal Rule of Civil Procedure 12(f), which governs motions to strike, it should be denied because the Defendants' motion-to-dismiss reply and the English-Language Articles are not "pleadings" as defined under Rule 7, and thus "not properly the subject of a motion under Rule 12(f)." *Burns v. Bank of Am.*, No. 03CV1685, 2007 WL 1589437, at *11 (S.D.N.Y. June 4, 2007) (denying motion to strike "reply brief and accompanying materials"); *Garnett-Bishop v. New York Cmty. Bancorp, Inc.*, No. 12CV2285, 2014 WL 5822628, at *12 (E.D.N.Y. Nov. 6, 2014) (same). Moreover, Plaintiffs failed to follow the Court's Individual Practices Rule III, which requires the moving party to request a pre-motion conference before making any motion pursuant to Rule 12 or Rule 56.

### III.    No Good Cause Supports The Filing Of A Sur-Reply.

Plaintiffs' alternative request for leave to file a sur-reply should also be denied.  Sur-replies have the potential of placing a court in the position of refereeing an endless volley of briefs and thus should not be permitted absent "extraordinary circumstances."  *Chaney v. Stewart*, No. 213CV246, 2015 WL 1538021, at *1 (D. Vt. Apr. 7, 2015) (denying filing of sur-reply because the movant failed to justify the filing and because the content would not alter the outcome of the case); *see also Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 121CV09221, 2022 U.S. Dist. LEXIS 207461, at *2 (S.D.N.Y. Apr. 22, 2022) (denying sur-reply where answering party only responded to arguments raised in opposition rather than making new arguments).  Here, Plaintiffs' proposed sur-reply is both unwarranted and improper.

**First**, much of the proposed sur-reply focuses on what was or was not stated in the English-Language Articles.  *See* ECF No. 85-1 at 1–3.  There is no need for the Parties to exchange legal briefs on this issue because the English-Language Articles speak for themselves. *See In re Firestar Diamond, Inc.*, 643 B.R. 528, 553-554 (Bankr. S.D.N.Y. 2022) (rejecting arguments on whether document was misinterpreted because "the relevant documents speak for themselves").  Courts have routinely denied leave to file sur-replies that, like Plaintiffs' proposed sur-reply, "would not change the result in th[e] case."  *Convergen Energy LLC v. Brooks*, No. 20CV3746, 2020 WL 4500184, at *3 n.2 (S.D.N.Y. Aug. 5, 2020); *see also Preston Hollow Capital LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) (declining to consider sur-reply because court's rulings "would remain the same").

**Second**, the rest of the proposed sur-reply argues that, even if the English-Language Articles did disclose the alleged omissions, the U.S. investors would not have paid attention to them because their presence was sporadic.  ECF No. 85-1 at 3.  The issue raised in Plaintiffs' motion-to-dismiss opposition, however, was not how many contemporaneous English-language

7

reports on the Pre-IPO Meetings existed, but whether they existed at all.  Opp. 25.  Having relied on the alleged lack of English report to support their legal theory, Plaintiffs cannot now argue— for the first time in a sur-reply—that the existence of the reports would not have mattered.  *See Hervochon v. Iona Coll.*, No. 14CV06017, 2019 WL 2451295, at *6 (S.D.N.Y. Jan. 18, 2019) (noting that new arguments cannot be raised in sur-reply).

*   *   *

For the reasons discussed above, Plaintiffs' Motion and proposed sur-reply appear to be nothing but an attempt to have the final word on Defendants' motions to dismiss.  Indeed, since the motions to dismiss were fully briefed, Plaintiffs have made two additional sets of filings and submitted a total of 34 pages of papers, largely regurgitating the same points in their 45-page motion-to-dismiss opposition.[5]  *See* ECF Nos. 81, 84–85.  The Court should not condone this tactic.  *See OneBeacon Am. Ins. Co. v. Comsec Ventures Int'l, Inc.,* No. 807CV900, 2010 WL 114819, at *3 (N.D.N.Y. Jan. 7, 2010) (finding that no rule permits plaintiff "to reargue the same points addressed in its previous submissions").

Dated:  June 23, 2023

Respectfully submitted,

**SIMPSON THACHER & BARTLETT LLP**

*/s/ George S. Wang*
George S. Wang
gwang@stblaw.com
425 Lexington Avenue

---

[5]  On May 23, 2023, Plaintiffs submitted a letter to further oppose Defendants' motions to dismiss.  ECF No. 81. The letter enclosed a non-binding case, *Nayani v. LifeStance Health Group, Inc.*, No. 21CV03903, 2023 WL 3260260 (S.D.N.Y. May 4, 2023), that focuses on the defendants' "[d]uty to [c]orrect" statements regarding historical data by disclosing new data possessed at the time.  *Id.* at *2–3.  The decision is inapposite because the Complaint fails to allege either (i) a breach of duty to correct, or (ii) that Defendants possessed any information that would have rendered their risk disclosures false or misleading.  Nor is *Nayani* instructive on what the appropriate pleading standard is for Plaintiffs' Section 11 claim, because, unlike the Complaint here, the *Nayani* complaint did not assert any 1934 Act claims and thus had no need to plead fraud or scienter.

New York, New York 10017-3954
Telephone: 212-455-2000
Facsimile: 212-455-2502

Bo Bryan Jin (*pro hac vice*)
bryan.jin@stblaw.com
Ziwei Xiao (*pro hac vice*)
ziwei.xiao@stblaw.com
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 251-5068
Facsimile: (650) 251-5002

*Attorneys for Defendant Full Truck Alliance Co. Ltd.*

/s/ Jonathan Rosenberg
**O'MELVENY & MYERS LLP**

Jonathan Rosenberg
Abby F. Rudzin
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
jrosenberg@omm.com
arudzin@omm.com

William K. Pao (*pro hac vice*)
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
wpao@omm.com

*Attorneys for Defendants Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Ltd., Goldman Sachs (Asia) LLC, UBS Securities LLC, Huatai Securities (USA), Inc., Citigroup Global Markets Inc., and Nomura Securities International, Inc.*

/s/ Joanna A. Diakos
**K&L Gates LLP**

Joanna A. Diakos, Esq.

9

599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900
Facsimile: (212) 536-3901
joanna.diakos@klgates.com

*Attorney for Defendants Cogency Global Inc.*
*and Colleen A. De Vries*