# EXHIBIT 1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

---

In re FULL TRUCK ALLIANCE CO. LTD.
SECURITIES LITIGATION

Index No. 654232/2021

---

This Document Relates To:

The Consolidated Action.

CLASS ACTION

Hon. Robert R. Reed
Part 43

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PRATYUSH KOHLI, Individually and On
Behalf of All Others Similarly Situated,

    Plaintiff,

    v.

FULL TRUCK ALLIANCE CO. LTD.,
PETER HUI ZHANG, SIMON CHONG
CAI, SHANSHAN GUO, GUIZHEN MA,
WENJIAN DAI, RICHARD WEIDONG JI,
JENNIFER XINZHE LI, COLLEEN A.
DE  VRIES, COGENCY GLOBAL, INC.,
MORGAN STANLEY & CO. LLC, CHINA
INTERNATIONAL CAPITAL
CORPORATION HONG KONG
SECURITIES LIMITED, GOLDMAN
SACHS (ASIA) L.L.C., UBS SECURITIES
LLC, HUATAI SECURITIES (USA), INC.,
CITIGROUP GLOBAL MARKETS INC.,
NOMURA SECURITIES
INTERNATIONAL, INC., CHINA
RENAISSANCE SECURITIES (HONG
KONG) LIMITED, AND CLSA LIMITED,

    Defendants.

Case No. 1:21-cv-03903-LDH-MMH

---

STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") in the action captioned *In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021 (N.Y. Sup. Ct. N.Y. Cty.) (the "State Action"), pending before the Supreme Court of the State of New York, County of New York, Commercial Division (the "State Court" or "Court"), is entered into by and among (a) plaintiffs and proposed class representatives Tomas Eduardo Kohn and Michael Barber (the "State Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); (b) lead plaintiff Pratyush Kohli (the "Lead Plaintiff") and named plaintiff Shivtaj Zirvi (together with the Lead Plaintiff, the "Federal Plaintiffs," and, together with the State Plaintiffs, the "Plaintiffs") in a related action captioned *Pratyush Kohli v. Full Truck Alliance Co. Ltd., et al.*, No. 1:21-cv-03903-LDH-MMH (E.D.N.Y.) (the "Federal Action" and, together with the State Action, the "Actions"); (c) Defendant Full Truck Alliance Co. Ltd. ("FTA"); (d) Defendants Peter Hui Zhang, Simon Chong Cai, Shanshan Guo, Guizhen Ma, Wenjian Dai, Richard Weidong Ji, and Jennifer Xinzhe Li (the "Individual Defendants"); (e) Defendants Colleen A. De Vries and Cogency Global Inc. (the "Cogency Global Defendants"); and (f) Defendants Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Goldman Sachs (Asia) L.L.C., UBS Securities LLC, Huatai Securities (USA), Inc., Citigroup Global Markets Inc., Nomura Securities International, Inc., China Renaissance Securities (Hong Kong) Limited, and CLSA Limited (collectively, the "Underwriter Defendants," and, together with FTA, the Individual Defendants, and the Cogency Global Defendants, the "Defendants"), by and through their respective undersigned counsel. The Stipulation is intended by the Plaintiffs and the Defendants (together, the "Parties") to fully, finally and forever compromise, resolve, discharge, release, settle and dismiss with prejudice the Actions and the Released Claims, as defined below, upon and subject to the terms and conditions hereof, and is submitted pursuant to New York Civil Practice Laws and Rules §§901, 902, and 908 for approval by the Court.

- 1 -

## Background of the Actions

### *Background of the State Action*

WHEREAS, the State Action is a consolidated class action that resulted from the Court's consolidation of two similar class actions filed on July 7, 2021 and July 30, 2021. The State Action is brought on behalf of all those who purchased FTA ADSs pursuant or traceable to the Offering Materials (as defined below) for the IPO and were allegedly damaged thereby, and which asserts claims against the Defendants for alleged violations of §§11 and 15 of the Securities Act of 1933 (the "1933 Act");

WHEREAS, the State Plaintiffs filed their Consolidated Amended Complaint against the Defendants on November 29, 2021 in the State Court;

WHEREAS, on January 31, 2022, the Defendants who had been served to that point filed their motions to dismiss the State Action together with accompanying briefs, affidavits and other papers in support thereof with the Defendants who were subsequently served joining in the motions thereafter;

WHEREAS, on March 31, 2022, the State Plaintiffs filed their papers in opposition to the Defendants' motions to dismiss, and the Defendants filed reply papers in further support of their motions on April 29, 2022;

WHEREAS, oral argument on those motions was held on January 19, 2023;

WHEREAS, the State Court's decision on those motions is pending;

WHEREAS, as of September 17, 2023, when the Parties agreed to settle the claims at issue (see below), Defendants' motions to dismiss in the State Court were pending.

### *Background of the Federal Action*

WHEREAS, on July 12, 2021, the Federal Action, also styled as a putative class action, was filed in the U.S. District Court for the Eastern District of New York (the "Federal Court") asserting claims under the federal securities laws;

- 2 -

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 6 of 107 PageID
#: 1434

WHEREAS, on July 1, 2022, the Federal Court (a) appointed Pratyush Kohli as the Lead Plaintiff in the Federal Action, and (b) appointed The Rosen Law Firm, P.A. as lead counsel in the Federal Action;

WHEREAS, pursuant to the Federal Court's September 12, 2022 stipulated order, on September 13, 2022, the Federal Plaintiffs filed an Amended Class Action Complaint for Violation of the Federal Securities Laws, asserting claims under §§11 and 15 of the 1933 Act and §§10(b) and 20(a) of the Securities Exchange Act of 1934;

WHEREAS, the Federal Plaintiffs filed the operative Second Amended Class Action Complaint for Violation of the Federal Securities Laws on November 1, 2022 asserting claims under §§11 and 15 of the 1933 Act and §§10(b) and 20(a) of the Securities Exchange Act of 1934;

WHEREAS, on February 2, 2023, the Defendants served motions to dismiss the Second Amended Complaint, and as of May 19, 2023, the Defendants' motions were fully briefed and submitted to the Federal Court;

WHEREAS, the Federal Court's decision on the motions to dismiss is pending;

***Background of the Settlement***

WHEREAS, the Plaintiffs and FTA agreed to explore the possibility of resolving the Actions through mediation, and FTA and the Plaintiffs ultimately agreed to retain a highly experienced mediator of complex commercial matters (including securities class actions), David M. Murphy, Esq. of Phillips ADR (the "Mediator");

WHEREAS, FTA and the Plaintiffs prepared comprehensive pre-mediation briefs and accompanying submissions for the Mediator, and thereafter participated in a full day in-person mediation session with the Mediator on September 12, 2023;

WHEREAS, the September 12, 2023 mediation session resulted in an agreement to settle the Actions;

WHEREAS, on September 17, 2023, the Parties executed a Settlement Term Sheet documenting the material terms of their settlement-in-principle;

WHEREAS, after taking into account the uncertainties, risks and likely costs and expenses of further litigation in these complex securities actions, the State Plaintiffs and the Federal Plaintiffs and the State Lead Counsel and the Federal Lead Counsel believe that the Settlement set forth herein is fair, reasonable, and in the best interests of Settlement Class Members (as defined herein);

WHEREAS, the Defendants have denied and continue to deny each and all of the claims alleged by the State Plaintiffs in the State Action or the Federal Plaintiffs in the Federal Action, including all allegations of wrongdoing, fault, damages or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the State Action or the Federal Action, but after also taking into account the potential costs, uncertainties, and risks of further litigation, have therefore determined to fully and finally resolve the State Action and the Federal Action in the manner and upon the terms and conditions set forth herein;

NOW, THEREFORE, without any admission or concession on the part of any Plaintiff of any lack of merit of the State Action or Federal Action whatsoever, and without any admission or concession of any fault, damages, liability or wrongdoing or lack of merit in any of their defenses whatsoever by any Defendant, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their undersigned attorneys, and subject to judicial approval as further set forth herein, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Defendants' Parties (as defined below) and all of Released Defendants' Claims (as defined below) shall be compromised, resolved, settled, released, and discharged, and the State and Federal Actions dismissed with prejudice, as to the Defendants upon and subject to the terms and conditions of this Stipulation, as set forth below:

1.      **Definitions**

As used in this Stipulation, the following terms shall have the following meanings:

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 8 of 107 PageID #: 1436

1.1    "Actions" means, collectively, the "State Action" and the "Federal Action."

1.2    "Alternative Judgment" means a form of judgment with terms materially different from those set forth in the form of judgment that is attached hereto as Exhibit B.

1.3    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

1.4    "Claims Administrator" means Gilardi & Co. LLC or such other entity as the Court shall appoint to administer the Settlement.

1.5    "Cogency Global Defendants" means, collectively, Colleen A. De Vries and Cogency Global Inc.

1.6    "Company" (or "FTA") means Full Truck Alliance Co. Ltd.

1.7    "Complaint" refers to and includes each and every complaint filed in the Actions.

1.8    "Court" (or "State Court") means the Supreme Court of New York, New York County, Commercial Division.

1.9    "Defendants" means, collectively, FTA, the Individual Defendants, the Cogency Global Defendants, and the Underwriter Defendants.

1.10    "Effective Date" means the date upon which all of the events and conditions set forth in ¶10.1 below have been met and have occurred.

1.11    "Escrow Account" means the segregated and separate interest-bearing escrow account to be established by the Escrow Agent, subject to judicial oversight, into which the Settlement Amount will be deposited for the benefit of Settlement Class Members, and which will thereafter hold the assets of the Settlement Fund (subject to the making of such awards, payments, and distributions as authorized herein).

1.12    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and The Rosen Law Firm, P.A.

1.13    "Escrow Funding Deadline" has the meaning given it in ¶3.1 below.

- 5 -

1.14    "Fairness Hearing" means the hearing scheduled by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate, (ii) the Plan of Allocation is fair, reasonable, and adequate, and (iii) Lead Counsel's request for an award of attorneys' fees and expenses on behalf of Plaintiffs' Counsel, including any awards to Plaintiffs, is reasonable.

1.15    "Federal Action" means the action captioned *Pratyush Kohli v. Full Truck Alliance Co. Ltd., et al.*, No. 1:21-cv-03903-LDH-MMH (E.D.N.Y.) pending in the Federal Court.

1.16    "Federal Court" means the United States District Court for the Eastern District of New York.

1.17    "Federal Lead Counsel" means The Rosen Law Firm, P.A. together with Co-Counsel, Levi & Korsinsky, LLP.

1.18    "Federal Plaintiffs" means the Lead Plaintiff in the Federal Action, Pratyush Kohli and named plaintiff Shivtaj Zirvi.

1.19    "Fee and Expense Application" has the meaning given that term in ¶5.1 below.

1.20    "Fee and Expense Award" means any attorneys' fees and expenses awarded by the Court as described in ¶5.1.

1.21    "Final," with respect to the Judgment or an order of the State Court dismissing or declining to dismiss the State Action with prejudice, means a Judgment or order:

(a)    as to which there is no pending stay, motion for reconsideration, motion for rehearing, motion to vacate, appeal, petition for writ of *certiorari* or similar request for relief;

(b)    if no appeal is filed, the expiration date of the time provided for filing or petitioning for any appeal; and

(c)    if there is an appeal from the Judgment or order, the date of (i) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment or order, or (ii) the date the Judgment or order is finally affirmed on appeal; and (x) the expiration of the time to file a petition for writ of *certiorari* or other form of review, (y) the denial of

- 6 -

a writ of *certiorari* or other form of review of the Judgment or order, or (z) if *certiorari* or other

form of review is granted, the date of final affirmance of the Judgment or order following review

pursuant to that grant.

    1.22    "FTA ADSs" means Full Truck Alliance Co. Ltd. American Depositary Shares.

    1.23    "Individual Defendants" refers to Peter Hui Zhang, Simon Chong Cai, Shanshan Guo,

Guizhen Ma, Wenjian Dai, Richard Weidong Ji, and Jennifer Xinzhe Li.

    1.24    "IPO" means FTA's June 22, 2021 initial public offering of FTA ADSs.

    1.25    "Judgment" means either: (i) the proposed judgment to be entered approving the

Settlement, in the form attached hereto as Exhibit B without substantive changes; or (ii) an

Alternative Judgment, if expressly agreed in writing by all Parties.

    1.26    "Lead Counsel" (or "Plaintiffs' Lead Counsel") means, collectively, State Lead

Counsel and Federal Lead Counsel.

    1.27    "Net Settlement Fund" means the Settlement Fund less: (i) Court awarded attorneys'

fees and litigation expenses, as described in ¶5.1; (ii) Notice and Administration Expenses; (iii) any

required Taxes; and (iv) any other fees or expenses approved by the Court.

    1.28    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action,

substantially in the form attached hereto as Exhibit A-1, which is to be sent to members of the

Settlement Class.

    1.29    "Notice and Administration Expenses" means the reasonable costs and expenses

incurred in connection with locating Settlement Class Members, providing notice to Settlement Class

Members, soliciting the submission of Proofs of Claim, assisting with the submission of Proofs of

Claim, processing Proofs of Claim, administering and distributing the Net Settlement Fund to

Authorized Claimants, tax preparation expenses, and paying escrow fees and costs, if any.

1.30    "Notice Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.31    "Offering Materials" means, and refers collectively to, all registration statements and prospectuses filed with, or declared effective by, the U.S. Securities and Exchange Commission (the "SEC") in connection with the IPO, and including any "free-writing" prospectus materials (as defined by SEC regulations) issued or distributed by or on behalf of any Defendant in connection with the IPO.

1.32    "Parties" refers to the parties to this Stipulation.

1.33    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, limited liability company or corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.34    "Plan of Allocation" means the plan described in the Notice or any alternate plan approved by the Court whereby the Net Settlement Fund (as defined above in ¶1.27) shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation, and the Released Defendants' Parties (as defined below) shall have no responsibility therefore or liability with respect thereto.

1.35    "Plaintiffs" refers collectively to the State Plaintiffs and the Federal Plaintiffs.

1.36    "Plaintiffs' Counsel" means, collectively, State Lead Counsel and Federal Lead Counsel, as well as all other counsel who have represented any plaintiff in connection with any of the claims asserted in either the State Action or the Federal Action.

1.37    "Plaintiffs' Lead Counsel" has the same meaning as "Lead Counsel."

- 8 -

1.38    "Proof of Claim" means the Proof of Claim and Release, substantially in the form attached hereto as Exhibit A-2.

1.39    "Related Person" means with respect to any Person its current and former parent entities, business units, business divisions, affiliates, and subsidiaries, and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, and assignees, and, with regard to any of the Individual Defendants, their immediate family members.

1.40    "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that Plaintiffs or any other member of the Settlement Class asserted in either or both of the Actions or could have been asserted or could in the future be asserted in any forum, whether known or unknown, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether based on statements or omissions made directly to individual persons or broadly to the market, by Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants, that both: (i) arise out of or are based upon or relate in any way in part or in whole to any of the allegations, acts, facts, transactions, statements, events, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in either of the Actions or in any other action that has been or may be filed by a member of the Settlement Class arising from related facts, events, occurrences or transactions, and (ii) relate in any way to the purchase or acquisition of FTA ADSs in or traceable to FTA's IPO

- 9 -

or during the Settlement Class Period. "Released Claims" does not, however, include claims to enforce the Settlement.

1.41 "Released Defendants' Claims" means all claims (including, but not limited to Unknown Claims (as defined below)), demands, losses, rights, and causes of action of any nature whatsoever by the Released Defendants' Parties (as defined below) or any of them against the Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of either of the Actions, except for claims to enforce the Settlement.

1.42 "Released Defendants' Parties" means (i) all Defendants, regardless of whether they have been served, and all underwriting firms involved in the underwriting of FTA's IPO, and (ii) Defendants' Related Persons.

1.43 "Released Plaintiffs' Parties" means (i) the Plaintiffs and all Settlement Class Members, and (ii) each of their respective family members and any other Related Person.

1.44 "Settlement" means the settlement on the terms set forth in this Stipulation.

1.45 "Settlement Amount" means the sum of U.S. $10,250,000 (Ten Million Two Hundred Fifty Thousand U.S. Dollars) in cash to be deposited into an Escrow Account pursuant to ¶3.1.

1.46 "Settlement Class" means all Persons that: (i) purchased or otherwise acquired FTA ADSs from June 22, 2021 through July 2, 2021, inclusive (the "Settlement Class Period"); or (ii) purchased or otherwise acquired FTA ADSs pursuant or traceable to FTA's IPO or IPO registration statements. Excluded from the Settlement Class are Defendants in the Actions, members of their immediate families, and any entity in which any of the above has a majority ownership interest. Also excluded will be any Person or entity that timely and validly requests exclusion from the Settlement Class.

1.47 "Settlement Class Member" means any Person who falls within the definition of the Settlement Class as set forth in ¶1.46 above.

1.48    "Settlement Class Period" means the period between June 22, 2021 through July 2, 2021, inclusive.

1.49    "Settlement Fund" means the Settlement Amount plus any interest or income earned thereon.

1.50    "State Action" means the action captioned *In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021 (N.Y. Sup. Ct. N.Y. Cty.), pending in the State Court.

1.51    "State Plaintiffs" means Tomas Eduardo Kohn and Michael Barber.

1.52    "State Lead Counsel" means Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Johnson Fistel, LLP.

1.53    "Stipulation" refers to this Stipulation of Settlement (of which these definitions are a part), including all of the exhibits hereto.

1.54    "Summary Notice" means the summary notice of proposed Settlement and hearing for publication, substantially in the form attached hereto as Exhibit A-3.

1.55    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including those referenced in ¶3.10 below.

1.56    "Underwriter Defendants" means and includes Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Goldman Sachs (Asia) L.L.C., UBS Securities LLC, Huatai Securities (USA), Inc., Citigroup Global Markets Inc., Nomura Securities International, Inc., China Renaissance Securities (Hong Kong) Limited, and CLSA Limited.

1.57    "Unknown Claims" means any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of their release, and any and all Released Defendants' Claims

- 11 -

against the Released Plaintiffs' Parties that any Defendant does not know or suspect to exist in his, her or its favor at the time of their release, including, without limitation, those that, if known by such Plaintiff, Settlement Class Member or Defendant, might have affected his, her or its decision(s) with respect to the Settlement or the Released Claims or the Released Defendants' Claims. With respect to any and all Released Claims and Released Defendants' Claims, the Parties agree that, upon the Effective Date, each Plaintiff and each Defendant shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Parties acknowledge, and each of the other Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

1.58    "Voluntary Dismissal Stipulation" means the stipulation of dismissal between the Federal Plaintiffs and all Defendants that have appeared in the Federal Action pursuant to Fed. R. Civ. P. 41(a), substantially in the form annexed hereto as Exhibit C, that will be executed by Federal Plaintiffs and Defendants and duly filed in the Federal Action, to be so-ordered by the Federal Court, within five (5) business days of entry of the Final Judgment of the Settlement in the State Action.

## 2.    Scope and Effect of Settlement

2.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) the Actions against the Defendants; (ii) any and all Released Claims as against all Released Defendants' Parties; and (iii) any and all Released Defendants' Claims as against all Released Plaintiffs' Parties. Upon the Effective Date of this Settlement, all Settlement Class

- 12 -

Members shall be deemed to have, and by operation of the Final Judgment shall have fully, finally, and forever waived, released, dismissed and discharged with prejudice all Released Claims against each Released Defendant's Party, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendants' Parties.

2.2    Upon the Effective Date of this Settlement, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released and discharged all Released Defendants' Claims against each Released Plaintiff's Party.

2.3    The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition or event.

**3.    The Settlement Consideration; Qualified Settlement Fund; Establishment of Escrow Account**

3.1    FTA shall pay the Settlement Amount of U.S. $10,250,000 (Ten Million Two Hundred Fifty Thousand U.S. Dollars) to settle all claims at issue in the Actions, to be paid by wire into the Escrow Account within ten (10) business days of entry of the Notice Order preliminarily approving the Settlement by the Court ("Escrow Funding Deadline"). Said Escrow Account shall be controlled by the Escrow Agent for the benefit of the Settlement Class, subject to the supervision of the Court. Plaintiffs' Lead Counsel shall provide to FTA's counsel, Simpson Thacher & Bartlett LLP, the wire instructions for the Escrow Account as soon as possible after execution of this Stipulation, and in all events no later than three (3) business days following entry of the Notice Order. No Defendant other than FTA shall be responsible for paying any of the Settlement Amount.

3.2    Any portion of the Settlement Amount not deposited by or before the Escrow Funding Deadline shall incur interest at the rate of 5% per annum on the balance not paid, with interest starting to run from the Escrow Funding Deadline. If there is any unpaid balance of the Settlement Amount (including any unpaid interest due on such unpaid balance) five (5) business

- 13 -

days before any date scheduled by the Court for Plaintiffs to move for final approval of the

Settlement, and FTA has failed to pay (or cause to be paid) the remaining principal due within three

(3) business days (the "Cure Period") of being given notice of deficient payment by Plaintiffs' Lead

Counsel, Plaintiffs may thereafter terminate the Settlement at any time after the expiration of the

Cure Period (provided that amounts due and payable have not been paid as of the date that Plaintiffs

give written notice of termination).

      3.3      The Settlement Amount includes all Plaintiffs' attorneys' fees and litigation expenses,

any Court-approved award to any Plaintiffs, all Notice and Administration Expenses, and Taxes.

      3.4      The Parties agree that the Settlement Fund is intended to be a Qualified Settlement

Fund within the meaning of Treasury Regulation §1.468B-1.  The account funds, less any amounts

actually and reasonably incurred for Notice and Administration Expenses and less any amounts

incurred or accrued for Taxes, plus any accrued interest thereon, shall revert as soon as possible and

in any event within 14 days to the person(s) making the deposits if the Settlement does not become

effective for any reason, including by reason of a termination of the Settlement pursuant to ¶¶3.2 or

10.2-10.4 herein.  The Settlement Fund includes any interest earned thereon.

      3.5      The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement.  Neither FTA

nor its insurers nor any other person or entity contributing to the Settlement Fund shall have any

ability to get back any monies paid under this Stipulation, or any interest earned thereon, once the

Judgment becomes Final and all the conditions set forth in ¶10.1 herein have been satisfied.

      3.6      Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund for

satisfaction of any Released Claims.  Upon payment of the Settlement Amount (including such

interest as may be due under ¶3.2, if any), no Defendant shall have any other obligation to pay or

reimburse any fees, expenses, costs, liability or damages whatsoever alleged or incurred by

Plaintiffs, by any Settlement Class Member, or by any of their attorneys, experts, advisors, agents, or

representatives with respect to the State Action, the Federal Action, and the Released Claims.  Any

award made by the Court pursuant to the Fee and Expense Application referred to in ¶5.1 hereof shall be paid exclusively from the Settlement Fund. Any agreement between or among Plaintiffs' Counsel to divide fees, expenses, costs or interest shall be between or among such Plaintiffs' Counsel only, and Defendants and their Related Persons shall have no responsibility for or liability with respect to any allocation between or among Plaintiffs' Counsel, or with respect to any payment to any Plaintiffs' Counsel, of any fees, expenses, costs or interest.

3.7     The Settlement Fund shall be used to pay: (i) Taxes; (ii) Notice and Administration Expenses; and (iii) any award made by the Court pursuant to any Fee and Expense Application. The balance of the Settlement Fund after the above payments shall constitute the Net Settlement Fund, which shall be distributed to the Authorized Claimants as provided in ¶¶6.1-6.3 hereof.

3.8     The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon order of the Court. The Escrow Agent shall be responsible for investing the Settlement Fund in eligible investments, meaning obligations issued or guaranteed by the United States of America or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an Agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government, and the Escrow Agent shall reinvest the proceeds of these obligations or instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.9     For the purpose of §1.468B of the Internal Revenue Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described

- 15 -

below) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

3.10    All:  (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) all other tax expenses incurred in the operation of and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution expenses related to filing or failing to file the returns described in this paragraph shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court.  The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes.  The Released Defendants' Parties shall not have any liability with respect to or responsibility for any such Taxes, including any expenses or costs relating to Taxes.  FTA agrees to cooperate with the Escrow Agent, and the Escrow Agent's tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

3.11    Neither the Released Defendants' Parties nor their respective counsel in the Actions shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (iv) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

3.12   No later than ten (10) calendar days following the filing of this Stipulation with the State Court, Defendants shall serve, or cause to be served, any notice required under the Class Action Fairness Act of 2005 ("CAFA") pursuant to §1715 of Title 28 of the United States Code. Within fourteen (14) calendar days of entry of the Notice Order in the State Court, Defendants will serve Plaintiffs' Counsel and file in the Federal Action an affidavit or declaration regarding compliance with the CAFA notice requirements.

### 4.   Administration

4.1   The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Settlement Fund subject to such supervision of Lead Counsel and/or the Court as the circumstances may require.  The Claims Administrator shall be retained subject to the condition that it agrees to be subject to the jurisdiction of the Court with respect to the administration of the Settlement and the distribution of the Settlement Fund pursuant to the terms of this Stipulation.  Defendants shall have no role in, or responsibility or liability for, the administration of the Settlement and shall have no liability to Plaintiffs, the Settlement Class, or any other person in connection with, as a result of, or arising out of, such administration.  The Claims Administrator will not make any distributions to Settlement Class Members from the Net Settlement Fund until the Judgment becomes Final and all the conditions described in ¶10.1 herein have been satisfied.

4.2   Prior to the Effective Date and without further order of the Court, Plaintiffs' Lead Counsel may pay (or cause to be paid) from the Escrow Account the actual costs of Notice and Administration Expenses, up to Six Hundred Thousand U.S. Dollars ($600,000).  After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

4.3   FTA will cooperate in good faith in the class notice process and, for purposes of identifying and giving notice to the Settlement Class, shall use reasonable efforts to provide to the Court-appointed Claims Administrator (at no cost to the Settlement Class and within (20) calendar

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 21 of 107 PageID #: 1449

days of the execution of this Stipulation) the last known names and addresses of all Persons or entities who, based on the records of FTA and the depositary bank for FTA ADSs, are likely Settlement Class Members or nominees of Settlement Class Members.

**5.      Fee and Expense Application**

5.1      Lead Counsel will submit an application or applications (the Fee and Expense Application) to the State Court for an award from the Settlement Fund for: (i) attorneys' fees and the payment of litigation expenses incurred in connection with the prosecution of the State Action and the Federal Action, plus interest (if any) on such amounts awarded at the same rate as earned on the Settlement Fund until paid; and (ii) service awards to one or more of the Plaintiffs, in connection with their representation of the Settlement Class. Any award of attorneys' fees and expenses to any of Plaintiffs' Counsel shall be payable from the Settlement Fund to Lead Counsel immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal or collateral attack on the Settlement or any part thereof. Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' Counsel, if any, in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Actions. However, any payments made to Plaintiffs' Counsel shall be subject to each respective Plaintiffs' Counsel firm's obligation to make appropriate refunds or repayments to the Settlement Fund (together with interest accrued at the same net rate as may be earned by the Settlement Fund) if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced or reversed, or return of the Settlement Fund is required consistent with the provisions of ¶10.4 hereof. In such event, each respective Plaintiffs' Counsel firm shall, within fourteen (14) business days from the event which requires repayment of any portion of the fee or expense award, refund to the Settlement Fund the fee and expense award paid to it, together with any accrued interest, in an amount consistent with such reversal or reduction, as described above.

- 18 -

5.2    Defendants and their Related Persons shall have no responsibility for or liability with respect to any payment or allocation to any Plaintiffs' Counsel from the Settlement Fund.

5.3    Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, and any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify or cancel, or affect the enforceability of this Stipulation or the Settlement of the State Action or the Federal Action, or affect or delay the finality of the Judgment approving this Settlement.

## 6.    Distribution to Authorized Claimants

6.1    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit A-1, or in such other Plan of Allocation as the Court approves.

6.2    The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.  The Plan of Allocation shall be prepared and proposed (subject to judicial approval) solely by Plaintiffs' Lead Counsel.  Defendants will have no involvement in or responsibility for preparing the Plan of Allocation and will take no position with respect to the proposed Plan of Allocation or such Plan of Allocation as may be approved by the Court.  The Plan of Allocation, and any changes thereto, is a matter separate and apart from the Settlement between the Parties, and any decision by the Court concerning the Plan of Allocation, or any changes thereto, and any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify or cancel, or affect the enforceability of this Stipulation, and shall not affect or delay the validity or finality of the Judgment approving the Settlement.

6.3     Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the total Recognized Claims of all accepted claimants.  Defendants will have no involvement in or responsibility for reviewing or challenging claims, and shall have no responsibility or liability for determining the allocation of any payments to any Settlement Class Members or for any other matters pertaining to the Plan of Allocation.

**7.     Administration of the Settlement**

7.1     Within not less than ninety (90) calendar days after such time as set by the Court to mail notice to the Settlement Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form attached hereto as Exhibit A-2 and as approved by the Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

7.2     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment (or Alternative Judgment). Notwithstanding the foregoing, Plaintiffs' Lead Counsel have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against any Plaintiffs, any Plaintiffs' Counsel or the Claims Administrator by reason of the exercise or non-exercise of such discretion.

7.3     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and

- 20 -

the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to ¶7.5 below.

7.4     Proofs of Claim that do not meet the submission requirements may be rejected. Before rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Plaintiffs' Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such deficiency notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶7.5 below.

7.5     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the deficiency notice required in ¶7.4 above, serve upon the Claims Administrator a written statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Lead Counsel shall thereafter present the claimant's request for review to the Court.

7.6     Without regard to whether a Proof of Claim is submitted or allowed, each claimant who declines to be excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim.  In connection with

processing the Proofs of Claim, no discovery shall be allowed on the merits of the State Action or the Settlement, and Defendants shall have no obligation to provide discovery.

7.7     No Person shall have any claim against the Released Defendants' Parties or their counsel, the Released Plaintiffs' Parties (including any Plaintiffs' Counsel), or the Claims Administrator, based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

7.8     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund within a reasonable time from the date of distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Lead Counsel shall request the Claims Administrator, if economically feasible, to reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions will be repeated until the balance remaining in the Net Settlement Fund is no longer economically reasonable, in Plaintiffs' Lead Counsel's discretion, to distribute to Settlement Class Members.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to the Legal Aid Society of New York, or to such other §501(c)(3) non-profit organization as may be deemed appropriate by the Court.

7.9     Plaintiffs' Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Lead Counsel reasonably deem to be formal or technical defects in any Proof of Claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

7.10    All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

4881-3336-8966.v8

7.11   The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after: (i) all timely claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all disputes (if any) with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom (if any) have been resolved or the time therefor has expired; and (iii) all matters with respect to the Fee and Expense Application have been resolved by the Court, all appeals therefrom have been resolved or the time therefore has expired.

## 8.   Terms of Order for Notice and Hearing

8.1   Promptly after execution of the Stipulation, the State Plaintiffs shall submit the Stipulation together with its Exhibits to the State Court and shall request (by motion or otherwise) that the State Court enter the Notice Order, substantially in the form of Exhibit A attached hereto, which requests, *inter alia*: (a) the preliminary approval of the Settlement as set forth in this Stipulation; (b) the setting of deadlines for the mailing of the Notice and dissemination of the Summary Notice; (c) the setting of deadlines for Settlement Class Members to submit Proofs of Claim, requests for exclusion from the Settlement Class ("opt-out" requests), or objections to the proposed Settlement, Plan of Allocation and/or the Fee and Expense Application ("Objections"); (d) setting the date for the Fairness Hearing; (e) approval of Lead Counsel's recommended Claims Administrator; and (f) approval of the form and content of the Notice, the Proof of Claim, and the Summary Notice, respectively, substantially in the forms of Exhibits A-1, A-2, and A-3 attached hereto.  The Defendants shall, upon reasonable request, join in such request or application.

8.2   Any Settlement Class Member who wishes to opt out of the Settlement must submit a timely written request for exclusion (including any required documentation) on or before the deadline for doing so set by the Court, in accordance with the Notice Order and the Notice (a

"Request for Exclusion"). Requests for Exclusion on behalf of groups, including "mass" or "class" opt-outs, are not permitted. Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion will be bound by all Court proceedings, orders and judgments, whether or not he, she, or it timely submits a Proof of Claim.

8.3     Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of this Settlement or to any aspect of the Plan of Allocation or the Fee and Expense Application must do so in the manner specified and within the deadlines specified in the Notice Order and the Notice.

8.4     As part of the motion or application for entry of the Notice Order, the State Plaintiffs shall request that the Court hold the Fairness Hearing, on a date to occur at least twenty-one (21) calendar days after the deadline(s) referenced in ¶8.2 and ¶8.3 above for Settlement Class Members to submit any Requests for Exclusion or Objections.

## 9.     Terms of Judgment; Dismissal of Federal Action

9.1     Following the issuance of Notice, State Plaintiffs shall file with the State Court a motion for final approval of the Settlement and entry of a Judgment, in the form annexed hereto as Exhibit B without substantive changes.

9.2     The Judgment shall contain a bar order ("Bar Order") in the form set forth in Exhibit B hereto that, upon the Effective Date, (a) permanently bars, enjoins, and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Released Defendants' Parties, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Actions or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Defendants from commencing, prosecuting, or asserting any Barred Claims against any other person or entity, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether

asserted in the Actions or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.  "Barred Claims" means (i) any claim for contribution or indemnity (whether by contract, by operation of law or equitable principles, or based on any other source) arising out of or related to the Released Claims in the Actions, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class arising out of or related to the Released Claims, provided that (a) Barred Claims shall not include claims that arise out of or relate to a cause of action that has been or may be asserted by any person or entity that submits a Request for Exclusion from the Settlement Class that is accepted by the Court; and (b) nothing in the Bar Order releases or alters the rights under the terms of any written agreement among any of the Released Defendants' Parties.  The Bar Order shall also provide that any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order based upon, arising out of, relating to, or in connection with in any way in part or in whole any Released Claim shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.  Notwithstanding anything above, and for the avoidance of doubt, nothing in this Stipulation shall nullify, limit, or affect in anyway the Underwriter Defendants' or the Cogency Global Defendants' indemnification rights set forth in their respective agreements with FTA in connection with the IPO.

9.3    Within five (5) business days of entry of the Final Judgment in the State Action, the Federal Plaintiffs and all Defendants that have appeared in the Federal Action shall submit for filing in the Federal Court the Voluntary Dismissal Stipulation, substantially in the form annexed hereto as Exhibit C, pursuant to Fed. R. Civ. P. 41(a), to be so-ordered by the Federal Court.  Unless a valid

Termination Notice (as defined below) is issued in accordance with the provisions of ¶10.2 below, no Plaintiff shall thereafter seek to reinstate the Federal Action.

**10.     Effective Date of Settlement, Waiver or Termination**

10.1     The Effective Date of this Settlement shall be the date when all of the following events shall have occurred:

(a)     the State Court has entered the Notice Order in all material respects;

(b)     the full amount of the Settlement Amount (and interest due thereon, if any, pursuant to ¶3.2) has been deposited into the Escrow Account pursuant to ¶3.1;

(c)     Plaintiffs have not exercised their option, if applicable, to terminate this Settlement pursuant to ¶3.2;

(d)     FTA has not exercised its option to terminate this Settlement pursuant to ¶10.3 and the Supplemental Agreement, and the option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement;

(e)     entry by the State Court of the Judgment (or Alternative Judgment) following issuance of Notice to the Settlement Class that approves the Settlement, and such Judgment has become Final; and

(f)     the approval and entry of the Voluntary Dismissal Stipulation by the Federal Court.

10.2     The State Plaintiffs (as a group), the Federal Plaintiffs (as a group), FTA, the Individual Defendants (as a group), the Underwriter Defendants (as a group), and the Cogency Global Defendants (as a group), through their respective counsel, shall, in their respective discretions, but in all events subject to ¶10.4 herein, each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so (the "Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (a) the State Court's Final non-appealable refusal to enter the Notice Order in any material respect; (b) the State Court's Final non-

- 26 -

appealable refusal to approve this Stipulation, any material part of it, or any part of ¶2.1 of the Stipulation including the definition of any defined term used in ¶2.1; (c) the State Court's Final non-appealable refusal to enter the Judgment (or Alternative Judgment) in any material respect; (d) the date on which the Judgment (or Alternative Judgment) is modified or reversed by a court of appeal or any higher court in any material respect and such modification or reversal has become Final; or (e) the issuance of an order by the Federal Court declining to dismiss the Federal Action with prejudice, and such order has become Final.

10.3    If Persons who would otherwise be Settlement Class Members have timely requested exclusion from this Settlement in accordance with the Notice, and have not revoked their Requests for Exclusion before the final Fairness Hearing, FTA shall have the option, in its sole discretion, to terminate the Settlement if, before the final Fairness Hearing before the State Court, the Requests for Exclusion exceed certain agreed-upon criteria as set forth in a separate conditional agreement (the "Supplemental Agreement") executed between Plaintiffs and FTA, by and through their respective counsel.  Plaintiffs' Lead Counsel shall, however, have an opportunity to seek retraction of any Request for Exclusion until the deadline for such retractions as set forth in the Notice or Notice Order.  The Parties agree that disclosure of the terms of the Supplemental Agreement may cause irreparable harm to the Parties, and therefore that the Supplemental Agreement will not be filed with any Court unless a dispute arises as to its interpretation or application, or as otherwise ordered by the State or Federal Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the State or Federal Court.  If the State or Federal Court requires that the Supplemental Agreement be filed, the Parties shall request that it be filed under seal.

10.4    Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, the Judgment (or Alternative Judgment) is vacated, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective statuses and positions in the Actions as of the date of this Stipulation, and the fact and terms of the

- 27 -

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 31 of 107 PageID #: 1459

Settlement shall not be admissible in any trial of either the State Action or Federal Action, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' fee and expense award referred to in ¶5.1 hereof), less any actual and reasonable costs of class notice and administration incurred and any Taxes paid or due, shall be returned as soon as possible, and in any event within fourteen (14) calendar days after the date of the event causing such termination, to the party, insurer or other entity that contributed the funds.

**11.    No Admissions; Inadmissibility of Stipulation Except for Certain Purposes**

11.1    Defendants have denied and continue to deny that they have made or committed any act, statement, or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement solely to eliminate the burden and expense of further litigation. Accordingly, the Parties agree that this Stipulation, whether or not consummated, including any and all of its terms, provisions, exhibits and prior drafts, and any negotiations or proceedings related or taken pursuant to it shall not be offered, received or construed against any Defendant as evidence of, or evidence supporting a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, the deficiency of any defense that has been or could have been asserted, or the validity or infirmity of any claim that was or could have been asserted in the Actions, or in any way referred to for any other reason as against any Defendant, in any arbitration proceeding or any civil, criminal, or administrative action or proceeding, other than for the purposes of effectuating the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court and becomes effective pursuant to its terms, a Defendant may refer to it to effectuate the liability protection granted them hereunder, and nothing in this Settlement shall restrict the ability of any Party hereto to advocate in favor or against the applicability of any offset to any claims asserted in any other action based on any amount paid herein.

- 28 -

4881-3336-8966.v8

11.2    The State and Federal Plaintiffs assert and continue to assert that they had a good faith basis to bring the claims they brought in the State and Federal Actions, respectively. Accordingly, the Parties agree that this Stipulation, whether or not consummated, including any and all of its terms, provisions, exhibits and prior drafts, and any negotiations or proceedings related or taken pursuant to it shall not be offered or received against any Plaintiff as evidence of, or evidence supporting, any presumption, concession, or admission against any Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by any Defendant have any merit, or that damages recoverable under any Complaint filed in either the State or Federal Action would not have exceeded the Settlement Fund.

11.3    Notwithstanding the foregoing, any Defendant, Plaintiff, Settlement Class Member, and/or Related Person may file the Stipulation and/or the Final Judgment in any action that may be (a) brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or (b) brought to enforce the Settlement or this Stipulation.

## 12.    Miscellaneous Provisions

12.1    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

12.2    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by any Plaintiff and/or Settlement Class Member against the Released Defendants' Parties with respect to the Released Claims.  The Parties agree that the Settlement Amount, and the other terms of the Settlement, were negotiated at arm's length in good faith by the Parties.  The Parties further agree that the Settlement was reached voluntarily and only after negotiations conducted under the auspices of a highly experienced mediator during which all participating Parties were represented by experienced legal counsel.

4881-3336-8966.v8

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 33 of 107 PageID #: 1461

12.3    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.  To the extent that any Party waives (or should, notwithstanding the foregoing sentence, be deemed to have waived) any particular provision or provision(s) of this Stipulation, such waiver shall not constitute or be deemed to constitute a waiver of any other provisions.  Similarly, the waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or of any other prior or subsequent breach of this Stipulation.

12.4    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.5    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the State Court, and the State Court shall also retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Allocation, and the enforcement of the terms of this Stipulation.

12.6    This Stipulation and its exhibits, together with the Supplemental Agreement, constitute the agreement among the Parties hereto concerning the Settlement of the State Action and the Federal Action, and no representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

12.7    This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

12.8    To the maximum extent permitted by federal law, this Stipulation shall be governed by, construed, performed, and enforced in accordance with the laws of the State of New York without regard to any other state, federal or foreign laws, principles, policies, or provisions governing choice of law.

4881-3336-8966.v8

12.9    The Parties acknowledge that each Party has participated jointly and equally in the negotiation and drafting of this Stipulation.  In the event an ambiguity or question of intent or interpretation arises, such ambiguity shall not be construed against any Party, and no presumption or burden of proof shall arise favoring or disfavoring any Party solely by virtue of the authorship of any of the provisions of this Stipulation.

12.10    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

12.11    The Parties agree not to assert in any forum that any Party violated any provision of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 11), the Private Securities Litigation Reform Act of 1995, the New York Civil Practice Laws and Rules, 22 New York Code, Rules and Regulations Part 130, or any other similar statute, rule, or law in connection with the commencement, maintenance, defense, litigation and/or resolution of either of the Actions.

12.12    The Parties shall use their best efforts and take all necessary steps to consummate the Settlement contemplated herein, and the Parties and their respective counsel agree to cooperate reasonably with one another in seeking judicial approval of the Notice Order, the Stipulation and the Settlement, and the Judgment (or Alternative Judgment), and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final judicial approval of the Settlement.

12.13    The Released Defendants' Parties (apart from FTA, the Cogency Global Defendants, and the Underwriter Defendants) are intended third-party beneficiaries of this Stipulation.  The Parties to this Stipulation intend for those third-party beneficiaries to be able to enforce the terms of this Stipulation as if they were parties to this Stipulation.

4881-3336-8966.v8

INDEX NO. 654232/2021
RECEIVED NYSCEF: 03/08/2024

Case 1:21-cv-03903-LDH-MMH   Document 96-1   Filed 04/22/24   Page 35 of 107 PageID #: 1463

12.14   Pending approval of the Court of this Stipulation, all Parties shall cooperate in seeking and maintaining a stay of (or the equivalent of a stay of) all non-settlement related proceedings in the State Action and the Federal Action.

12.15   Nothing in this Stipulation, or the negotiations related thereto, is intended to be, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, common-interest privilege, joint-defense privilege, or work-product protection.

12.16   This Stipulation may be executed in one or more counterparts, and facsimile or scanned signatures shall have the same force and effect as original signatures, and the exchange of fully executed copies of this Stipulation may similarly be effectuated by pdf/email to the email addresses shown below for the Parties' respective counsel.  All executed counterparts and each of them shall be deemed to be part of one and the same instrument.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 27, 2024.

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN

_____

SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

- 32 -

4881-3336-8966.v8

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
BRIAN E. COCHRAN
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com
bcochran@rgrdlaw.com

JOHNSON FISTEL, LLP
RALPH M. STONE
1700 Broadway, 41st Floor
New York, NY  10019
Telephone:  212/292-5690
212/292-5680 (fax)
ralphs@johnsonfistel.com

Attorneys for Plaintiffs

THE ROSEN LAW FIRM, P.A.
PHILLIP KIM

_____
        PHILLIP KIM

275 Madison Ave., 40th Floor
New York, NY 10016
Telephone:  212/686-1060
212/202-3827 (fax)
pkim@rosenlegal.com

THE ROSEN LAW FIRM, P.A.
JING CHEN
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19046
Telephone:  215/600-2817
212/202-3827 (fax)
jchen@rosenlegal.com

Attorneys for Lead Plaintiff Pratyush Kohli and
Federal Action Plaintiffs

4881-3336-8966.v8

LEVI & KORSINSKY, LLP
NICHOLAS I. PORRITT

_Nicholas Porritt_
NICHOLAS I. PORRITT


1101 Vermont Ave. NW, Suite 700
Washington, DC 20005
Telephone: 202/524-4290
nporritt@zlk.com

Attorneys for Named Plaintiff Shivtaj Zirvi in
Federal Action

SIMPSON THACHER & BARTLETT LLP
GEORGE S. WANG
BO BRYAN JIN


GEORGE S. WANG

425 Lexington Avenue
New York, NY 10017
Telephone: 212/455-2228
212/455-2502 (fax)
gwang@stblaw.com
bryan.jin@stblaw.com

Attorneys for Full Truck Alliance Co. Ltd.

K&L GATES LLP
JOANNA A. DIAKOS


JOANNA A. DIAKOS

599 Lexington Avenue
New York, NY 10022
Telephone: 212/536-4807
212/536-3901 (fax)
joanna.diakoskordalis@klgates.com

Attorneys for Cogency Global Defendants

- 34 -

LEVI & KORSINSKY, LLP
NICHOLAS I. PORRITT

*Nicholas Porritt*
_____
NICHOLAS I. PORRITT


1101 Vermont Ave. NW, Suite 700
Washington, DC  20005
Telephone:  202/524-4290
nporritt@zlk.com

Attorneys for Named Plaintiff Shivtaj Zirvi in
Federal Action

SIMPSON THACHER & BARTLETT LLP
GEORGE S. WANG
BO BRYAN JIN


_____
GEORGE S. WANG

425 Lexington Avenue
New York, NY  10017
Telephone:  212/455-2228
212/455-2502 (fax)
gwang@stblaw.com
bryan.jin@stblaw.com

Attorneys for Full Truck Alliance Co. Ltd.

K&L GATES LLP
JOANNA A. DIAKOS


*Joanna A. Diakos*
_____
JOANNA A. DIAKOS

599 Lexington Avenue
New York, NY  10022
Telephone: 212/536-4807
212/536-3901 (fax)
joanna.diakoskordalis@klgates.com

Attorneys for Cogency Global Defendants

- 34 -

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM
NYSCEF DOC. NO: 111

INDEX NO. 654232/2021
RECEIVED NYSCEF: 03/08/2024

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 39 of 107 PageID
#: 1467

O'MELVENY & MEYERS LLP
JONATHAN ROSENBERG
ABBY F. RUDZIN


_____
JONATHAN ROSENBERG

7 Times Square
New York, NY 10036
Telephone: 212/326-2000
212/326-2061 (fax)
jrosenberg@omm.com
arudzin@omm.com

Attorneys for the Underwriter Defendants

- 35 -

# EXHIBIT A

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 41 of 107 PageID #: 1469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

———————————————————— x
                                            :
In re FULL TRUCK ALLIANCE CO. LTD.          :
SECURITIES LITIGATION                       :    Index No. 654232/2021
                                            :
————————————————————        :
                                            :    CLASS ACTION
This Document Relates To:                   :
                                            :    Hon. Robert R. Reed
        The Consolidated Action.            :    Part 43
                                            :
———————————————————— x

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRATYUSH KOHLI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-03903-LDH-MMH |
| Plaintiff, | |
| v. | |
| FULL TRUCK ALLIANCE CO. LTD., PETER HUI ZHANG, SIMON CHONG CAI, SHANSHAN GUO, GUIZHEN MA, WENJIAN DAI, RICHARD WEIDONG JI, JENNIFER XINZHE LI, COLLEEN A. DE VRIES, COGENCY GLOBAL, INC., MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, GOLDMAN SACHS (ASIA) L.L.C., UBS SECURITIES LLC, HUATAI SECURITIES (USA), INC., CITIGROUP GLOBAL MARKETS INC., NOMURA SECURITIES INTERNATIONAL, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, AND CLSA LIMITED, | |
| Defendants. | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE

EXHIBIT A

4892-4774-6955.v6

WHEREAS, (a) plaintiffs and proposed class representatives Tomas Eduardo Kohn and Michael Barber (the "State Plaintiffs") in the action captioned *In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021 (N.Y. Sup. Ct. N.Y. Cty.) (the "State Action"), on behalf of themselves and the Settlement Class (as defined below); (b) lead plaintiff Pratyush Kohli and named plaintiff Shivtaj Zirvi (collectively, the "Federal Plaintiffs" and, together with the State Plaintiffs, the "Plaintiffs") in a related action captioned *Pratyush Kohli v. Full Truck Alliance Co. Ltd., et al.*, No. 1:21-cv-03903-LDH-MMH (E.D.N.Y.) (the "Federal Action" and, together with the State Action, the "Actions"); (c) Full Truck Alliance Co. Ltd. ("FTA"); (d) Defendants Peter Hui Zhang, Simon Chong Cai, Shanshan Guo, Guizhen Ma, Wenjian Dai, Richard Weidong Ji, and Jennifer Xinzhe Li (the "Individual Defendants"); (e) Defendants Colleen A. De Vries and Cogency Global Inc. (the "Cogency Global Defendants"); and (f) the underwriters of FTA's June 22, 2021 initial public offering of FTA American Depositary Shares ("ADS") (the "IPO"), specifically Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Goldman Sachs (Asia) L.L.C., UBS Securities LLC, Huatai Securities (USA), Inc., Citigroup Global Markets Inc., Nomura Securities International, Inc., China Renaissance Securities (Hong Kong) Limited, and CLSA Limited (collectively, the "Underwriter Defendants," and, together with FTA, the Individual Defendants, and the Cogency Global Defendants, the "Defendants"), have entered into the Stipulation of Settlement, dated February 27, 2024 (the "Stipulation")[1], which is subject to review under Article 9 of the New York Civil Practice Law and Rules ("CPLR") and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the above-captioned State Action and the Federal Action; and the Court having read and considered the Stipulation, the exhibits thereto, and the related submissions, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order;

---

[1] Capitalized terms used herein have the meanings set forth in the Stipulation.

4892-4774-6955.v6

Case 1:21-cv-03903-LDH-MMH     Document 96-1     Filed 04/22/24     Page 43 of 107 PageID
#: 1471

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      Pursuant to §§901 and 902 of the CPLR and for the purposes of the Settlement only,
the State Action is hereby preliminarily certified as a class action on behalf of a Settlement Class
consisting of all Persons that: (i) purchased or otherwise acquired FTA ADSs from June 22, 2021
through July 2, 2021, inclusive (the "Settlement Class Period"); or (ii) purchased or otherwise
acquired FTA ADSs pursuant or traceable to FTA's IPO or IPO registration statements. Excluded
from the Settlement Class are Defendants in the Actions, members of their immediate families, and
any entity in which any of the above has a majority ownership interest. Also excluded will be any
Person or entity that timely and validly requests exclusion from the Settlement Class.

2.      This Court finds, preliminarily and for purposes of this Settlement only, that the
prerequisites for class certification under CPLR §901 have been satisfied in that: (a) the number of
Settlement Class Members is so numerous that joinder of all members of the Settlement Class is
impracticable; (b) there are questions of law and fact common to the Settlement Class, and such
questions predominate over any questions affecting only individual members; (c) the claims of the
Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs
will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is
superior to other available methods for the fair and efficient adjudication of the Actions.

3.      In so finding, the Court has considered each of the following additional factors under
CPLR §902 and finds that they also support class certification, namely:

(a)      the (lack of) interest of members of the Settlement Class in individually
controlling the prosecution of separate actions;

(b)      the impracticability and inefficiency of prosecuting or defending separate
actions;

(c)      the extent and nature of any litigation concerning the controversy already
commenced by or against members of the Settlement Class, including the benefits flowing to the

- 2 -

Settlement Class and the broader interests of judicial efficiency in resolving both the State Action

and the Federal Action as part of a global settlement by all parties in both Actions in accord with the

terms of the Stipulation;

   (d) the desirability or undesirability of concentrating the litigation of the claims in

the particular forum, including the benefits flowing to the Settlement Class and the broader interests

of judicial efficiency in resolving both the State Action and the Federal Action as part of a global

settlement by all parties in both Actions in accord with the terms of the Stipulation; and

   (e) the (lack of) difficulties likely to be encountered in the management of a class

action, given, *inter alia*, that the proposed Settlement Class is being settled in the context of a

settlement (such that, if the Settlement is approved, there will be no class action litigation for the

Court to manage).

   4. Pursuant to Article 9 of the CPLR, preliminarily and for purposes of the Settlement

only, the Plaintiffs are certified as the class representatives ("Class Representatives") of the

Settlement Class and State Lead Counsel and Federal Lead Counsel are appointed as Class Counsel

("Class Counsel") for the Settlement Class.

   5. The Court preliminarily finds that: (a) the Stipulation resulted from good faith, arm's-

length negotiations conducted under the auspices of an independent mediator, David M. Murphy,

Esq. of Phillips ADR, who has extensive experience in mediating class action litigations of this type;

and (b) the terms of the proposed Settlement are sufficiently fair, reasonable and adequate to warrant

providing notice of the Settlement to the Settlement Class Members and the scheduling of a final

Fairness Hearing to be held following the issuance of such notice pursuant to CPLR §909.

   6. The Court therefore preliminarily approves the Settlement, subject to further

consideration at the Fairness Hearing.

   7. The Court hereby schedules the Fairness Hearing, to be held before the Court, on

_____ 2024, at __:___ _.m. for the following purposes:

4892-4774-6955.v6

(a)      to determine finally whether the requirements for class action treatment under Article 9 of the CPLR are satisfied;

(b)      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)      to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the State Action on the merits and with prejudice, and whether the Released Plaintiffs' Parties shall release the Released Claims and whether the Released Defendants' Parties shall release the Released Defendants' Claims, as set forth in the Stipulation, should be ordered;

(d)      to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)      to consider Plaintiffs' Counsel's Fee and Expense Application for an award of attorneys' fees and expenses (including any awards to the representative Plaintiffs);

(f)      to consider any valid objections or requests to "opt out" submitted to the Court, as further provided for herein and in the accompanying proposed forms of Notice; and

(g)      to rule upon such other matters as the Court may deem appropriate.

8.      The Court reserves the right to modify this Order to provide that the Fairness Hearing be held remotely, including by dial-in conference call or video-conferencing means.  Should the Court enter such a modification, Plaintiffs' Counsel are hereby ordered to cause the Claims Administrator to promptly provide prominent notice of such modification (including relevant details and instructions as to how Settlement Class Members may dial in or log in and, to the extent applicable, to be heard at the Fairness Hearing) on a website to be established by the Claims Administrator in this matter for the purposes of facilitating the dissemination of the Notice and other information about the Actions (the "Settlement Website").

9.      The Court also reserves the right to adjourn the Fairness Hearing to a later date or time without further notice to the Settlement Class Members other than entry of an Order on the

4892-4774-6955.v6

Court's docket (provided that the time or the date of the final Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶7 above). In such event, however, Plaintiffs' Counsel are directed to instruct the Claims Administrator to post notice of any such adjournment on the Settlement Website.

10. Following the Fairness Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the State Action on the merits and with prejudice, and regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

11. The Court approves the form and substance of: (a) the Notice; (b) the Summary Notice; and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

12. The Court finds that Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Settlement.

13. Gilardi & Co. LLC is appointed as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

14. To the extent they have not already done so, Plaintiffs' Counsel shall provide wire instructions for the Escrow Account to FTA's counsel within three (3) business days of the date of this Order. Within ten (10) business days of entry of this Order preliminarily approving the Settlement by the Court (the "Escrow Funding Deadline"), FTA shall pay the Settlement Amount of U.S. $10,250,000 (Ten Million Two Hundred Fifty Thousand U.S. Dollars) by wire into the Escrow Account. Any portion of the Settlement Amount not deposited by or before the Escrow Funding Deadline shall incur interest at the rate of 5% per annum on the balance not paid, with interest starting to run from the Escrow Funding Deadline. If there is any unpaid balance of the Settlement

4892-4774-6955.v6

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 47 of 107 PageID #: 1475

Amount (including any unpaid interest due on such unpaid balance) five (5) business days before the deadline (*see* ¶28 below) for Plaintiffs to move for final approval of the Settlement, and FTA has failed to pay (or cause to be paid) the remaining principal and interest due within three (3) business days (the "Cure Period") of being given notice of deficient payment by Class Counsel, Plaintiffs may, in addition to such other rights and remedies they may have, thereafter terminate the Settlement at any time after the expiration of the Cure Period (provided that amounts due and payable have not been paid as of the date that Plaintiffs give written notice of termination).

15.     The Claims Administrator shall cause the Notice and Proof of Claim ("Notice Package"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed, by first class mail, postage prepaid, by the twenty-first (21st) calendar day after entry of this Order, to all Settlement Class Members who can be identified with reasonable effort, including nominees or custodians who purchased or acquired FTA ADSs during the Settlement Class Period as record owners but not as beneficial owners. In accordance with ¶4.3 of the Stipulation, to the extent it has not already done so, FTA shall provide to the Claims Administrator the last known names and addresses of all persons who, based on the records of FTA or of the depositary bank for FTA ADSs, are likely members of the Settlement Class, for the purpose of assisting the Claims Administrator in identifying and giving notice to the Settlement Class. Nominees or custodians receiving the Notice are hereby directed, within ten (10) business days of receipt of the Notice and Proof of Claim, to either (a) forward copies of the Notice Package to their beneficial owners or (b) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which case the Claims Administrator is directed to send the Notice Package promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice Package to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to

- 6 -

beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians

out of the Settlement Fund solely for their reasonable out-of-pocket expenses, which expenses would

not have been incurred except for the sending of such notice or the requirement to identify their

beneficial holders.  Reasonable out-of-pocket expenses actually incurred, *i.e.*, a direct pass through

of costs, in connection with the foregoing includes up to $0.03 for providing names, addresses, and

email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice

Package mailed by nominees or custodians, plus postage at the rate used by the Claims

Administrator; or $0.03 per Notice sent by email.

16.     Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing,

serve upon counsel for the Defendants, and file with the Court, proof of the mailing of the Notice

Package as required by this Order.

17.     Class Counsel, through the Claims Administrator, shall cause the Stipulation and its

exhibits, this Order, and a copy of the Notice Package to be posted on the Settlement Website to be

established by the Claims Administrator by the twenty-first (21st) calendar day after entry of this

Order.

18.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice,

substantially in the form annexed hereto as Exhibit 3, to be published electronically once on the *PR*

*Newswire* and in print once in *The Wall Street Journal* within twenty (20) business days of entry of

this Order.  Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve

upon counsel for the Defendants, and file with the Court, proof of publication of the Summary

Notice.

19.     The forms and methods set forth herein of notifying the Settlement Class Members of

the Settlement and its terms and conditions meet the requirements of due process, Article 9 of the

CPLR, and all other applicable laws and constitute the best notice practicable under the

circumstances, and shall constitute due and sufficient notice to all persons and entities entitled

- 7 -

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM          INDEX NO. 654232/2021

NYSCEF DOC. NO. 111          Case 1:21-cv-03903-LDH-MMH          Document 96-1          Filed 04/22/24          Page 49 of 107 PageID          RECEIVED NYSCEF: 03/08/2024
#: 1477

thereto, and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement and to exclude themselves from the Settlement Class. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20.     All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided in the Stipulation.

21.     To be eligible to participate in any recovery from the Net Settlement Fund, if the Settlement becomes effective, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a)     Within 90 calendar days after the deadline set by the Court for the Claims Administrator to mail the Notice Package to the Settlement Class (*see* ¶15), each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, signed under penalty of perjury and accompanied by adequate supporting documentation for the transactions reported therein as specified in the Proof of Claim, or by such other supporting documentation as is deemed adequate by the Claims Administrator. If submitted electronically through the Settlement Website, the Proof of Claim must be submitted by 11:59 p.m. EST of the deadline to submit claims.

(b)     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and

Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Class Counsel may, in their discretion (a) accept for processing late-submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby; and (b) waive what Class Counsel deem to be *de minimis* or technical defects in any Proof of Claim submitted. No Person shall have any claim against any Plaintiff, Plaintiffs' Counsel, or the Claims Administrator by reason of any exercise of discretion with respect to such late-submitted or technically deficient claims.

(c)    Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) if submitted by mail. Any Proof of Claim submitted in any other manner, including submitted electronically through the Settlement Website, shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(d)    Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded twenty (20) calendar days to cure such deficiency if it shall appear that such deficiency may be cured. If any claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice of such rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 51 of 107 PageID
#: 1479

(e)     As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.  No discovery shall be allowed on the merits of the Actions or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

22.     Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the terms of the Stipulation and the Judgment, if entered and the Settlement becomes effective, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendants' Parties with respect to the Released Claims.

23.     Settlement Class Members shall be bound by all determinations and judgments in the Actions whether favorable or unfavorable, unless such Persons timely and validly request exclusion from the Settlement Class, as hereinafter provided.  A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is postmarked no later than twenty-one (21) calendar days prior to the final Fairness Hearing (the "Exclusion Deadline"), to the address for the Claims Administrator listed in the Notice.  To be valid, an exclusion request must clearly: (a) state the name, address, phone number and any e-mail contact information of the Person seeking exclusion; (b) state that the sender "requests to be excluded from the Settlement Class in *In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021 (N.Y. Sup. Ct. N.Y. Cty.)"; and (c) state (i) the date, number of FTA ADSs, and dollar amount of each of their purchases, acquisitions or sales of such ADSs during the Settlement Class Period, and (ii) the number of FTA ADSs they held as of the close of trading on July 8, 2021.  Any such request for exclusion must be signed and submitted by the beneficial owner. The request for exclusion shall not be effective unless it provides the required information, is legible,

- 10 -

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 52 of 107 PageID #: 1480

and is made within the time stated above, or is otherwise accepted by the Court. The Claims Administrator and/or Class Counsel may contact any Person filing a request for exclusion, or their attorney, to discuss the exclusion.

24. The Claims Administrator shall provide copies of all requests for exclusion and materials submitted therewith (including untimely requests and revocations of requests) to Defendant FTA's counsel and to Class Counsel as soon as possible and no later than the Exclusion Deadline or on receipt (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

25. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator, Class Counsel, Defendant FTA's counsel or the Court a written revocation of that request for exclusion, provided that it is received no later than two (2) calendar days before the Fairness Hearing, in which event that Person will be included in the Settlement Class. All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

26. The Court will consider objections to the Settlement, the Plan of Allocation, and the Fee and Expense Application; provided, however, that, absent further order of the Court, no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, Plan of Allocation or the Fee and Expense Application or, if approved, the Judgment, or any other order relating thereto, unless that Person has filed their objection(s) (and any supporting papers and briefs) with the Clerk of the Court, New York Supreme Court, New York County, 60 Centre Street, New York, NY 10007 **and** served copies of such materials on all of the following counsel at least twenty-one (21) calendar days prior to the final Fairness Hearing:

4892-4774-6955.v6

| | |
|---|---|
| Brian E. Cochran<br>ROBBINS GELLER RUDMAN<br>    & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101-8498<br>Email: bcochran@rgrdlaw.com<br><br>Phillip Kim<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Ave., 40th Floor<br>New York, NY 10016<br>Email: pkim@rosenlegal.com | George S. Wang<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>Email: gwang@stblaw.com |

To be valid, an objection must set forth: (1) the Settlement Class Member's name, address, telephone number, and any e-mail contact information; (2) a list of all of the objector's purchases, acquisitions, sales, and dispositions of FTA ADSs during the Settlement Class Period (in order to show their membership in the Settlement Class); (3) all grounds for the objection; (4) the name, address, and telephone number of the Settlement Class Member's counsel, if any; and (5) a list of any other class action settlement(s) in which the objector or his, her or its counsel has objected.  The objection must be signed by the objector, even if the objection is filed by counsel for the objector.  Attendance at the Fairness Hearing is not necessary but Persons wishing to be heard orally in opposition to approval of the Stipulation, Plan of Allocation, and/or Fee and Expense Application must state in their written objection that they intend to appear at the Fairness Hearing, and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing. Settlement Class Members need not appear at the Fairness Hearing or take any other action to show their approval.

27.     Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner prescribed above shall be: deemed to have waived all such objections; forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, any Judgment approving the Settlement, and any orders approving the Plan of Allocation or the Fee and Expense Application; bound by all the terms and provisions of the Stipulation and by all

- 12 -

proceedings, orders and judgments in the Actions; and foreclosed from appealing from any judgment or order entered in the Actions.

28.  All papers in support of the Settlement, Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Fairness Hearing.

29.  Any submissions filed in response to any objections or in further support of the Settlement, Plan of Allocation and/or Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Fairness Hearing.

30.  Defendants, their counsel, and other Released Defendants' Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or the Fee and Expense Application (including any payments to the representative plaintiffs) submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31.  Pending final determination of whether the Settlement should be approved, State Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any of the Released Defendants' Parties. Unless and until the Stipulation is cancelled and terminated pursuant to its terms, all proceedings in the State Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

32.  All funds held in the Escrow Account shall be deemed to be in the custody of, and subject to the jurisdiction of, the Court until such time as such funds are either distributed or returned pursuant to the Stipulation, Plan of Allocation and/or further order of the Court.

- 13 -

4892-4774-6955.v6

33.     Neither this Order, nor the Stipulation (including the Settlement contained therein) nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by any Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in either Action, or of any deception, wrongdoing, liability, negligence or fault of Defendants, the Released Defendants' Parties, or each or any of them, or that any Plaintiff or Settlement Class Member was harmed or damaged by any conduct by Defendants;

(b)     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or the Released Defendants' Parties in any arbitration proceeding or any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)     is or may be deemed to be or shall be used, offered or received against the Parties, the Released Defendants' Parties, the Released Plaintiffs' Parties, or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in either Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in either Action; and

(d)     is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, the Released Defendants' Parties, the Released Plaintiffs' Parties, or any of them, that any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in either Action would have been greater or less than the Settlement Fund, or that the

- 14 -

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 56 of 107 PageID #: 1484

consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

34.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, the Released Defendants' Parties or the Released Plaintiffs' Parties, and each Plaintiff and Defendant shall be restored to his, her or its respective litigation positions as they existed immediately prior to the execution of the Stipulation.

35.    The Court retains exclusive jurisdiction over the State Action to consider all further matters arising out of, or relating to, the Settlement and the Stipulation including, by way of illustration and not limitation, the enforcement thereof.

DATED: _____, 2024

_____
THE HONORABLE ROBERT R. REED
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- 15 -

4892-4774-6955.v6

# EXHIBIT A-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

|  |  |
|---|---|
| In re FULL TRUCK ALLIANCE CO. LTD. SECURITIES LITIGATION | Index No. 654232/2021 |
| This Document Relates To: | CLASS ACTION |
| The Consolidated Action. | Hon. Robert R. Reed Part 43 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PRATYUSH KOHLI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FULL TRUCK ALLIANCE CO. LTD., PETER HUI ZHANG, SIMON CHONG CAI, SHANSHAN GUO, GUIZHEN MA, WENJIAN DAI, RICHARD WEIDONG JI, JENNIFER XINZHE LI, COLLEEN A. DE VRIES, COGENCY GLOBAL, INC., MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, GOLDMAN SACHS (ASIA) L.L.C., UBS SECURITIES LLC, HUATAI SECURITIES (USA), INC., CITIGROUP GLOBAL MARKETS INC., NOMURA SECURITIES INTERNATIONAL, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, AND CLSA LIMITED,<br><br>Defendants. | Case No. 1:21-cv-03903-LDH-MMH |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 59 of 107 PageID #: 1487

If you purchased or otherwise acquired American Depositary Shares ("ADSs") of Full Truck Alliance Co. Ltd. ("FTA" or the "Company") between June 22, 2021 (the date of FTA's initial public offering ("IPO")) and July 2, 2021, inclusive (the "Settlement Class Period"), you could get a payment from a proposed class action settlement (the "Settlement").[1]

> ### A New York State Court authorized this Notice.  This is not attorney advertising.

- The Settlement, subject to judicial approval, will resolve two putative securities class actions (the "Actions"), namely (i) *In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021 (the "State Action"), pending in the Supreme Court of the State of New York, County of New York (the "Court" or "State Court") and (ii) *Pratyush Kohli v. Full Truck Alliance Co. Ltd., et al.*, No. 1:21-cv-03903-LDH-MMH (the "Federal Action"), pending in the U.S. District Court for the Eastern District of New York (the "Federal Court").  The Actions concern whether Defendants (defined below) violated the federal securities laws by materially misrepresenting and/or omitting material facts in the Offering Materials issued in connection with FTA's IPO and, in the case of the Federal Action, certain other of the Company's statements.

- Defendants deny all allegations of wrongdoing or liability for damages asserted by the Plaintiffs, or that the Plaintiffs or any other members of the Settlement Class (as defined below) (each a "Settlement Class Member") have suffered damages or were harmed by the conduct alleged in the Actions.  The Parties therefore disagree on whether investors are entitled to any recovery at all, and on the monetary amount of any potential award of damages if investors prevailed at trial.

- "Defendants" refers to, collectively: (a) FTA; (b) Peter Hui Zhang, Simon Chong Cai, Shanshan Guo, Guizhen Ma, Wenjian Dai, Richard Weidong Ji, and Jennifer Xinzhe Li (the "Individual Defendants"); (c) Colleen A. De Vries and Cogency Global Inc. (the "Cogency Global Defendants"); and (d) Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Goldman Sachs (Asia) L.L.C., UBS Securities LLC, Huatai Securities (USA), Inc., Citigroup Global Markets Inc., Nomura Securities International, Inc., China Renaissance Securities (Hong Kong) Limited, and CLSA Limited (the "Underwriter Defendants").

- "Plaintiffs" refers collectively to: (a) plaintiffs and proposed class representatives Tomas Eduardo Kohn and Michael Barber in the State Action (the "State Plaintiffs"); and (b) lead plaintiff Pratyush Kohli and named plaintiff Shivtaj Zirvi in the Federal Action (the "Federal Plaintiffs").

- The Court will hold a Fairness Hearing on ____, 2024, at _____ to decide whether to approve the Settlement.  The Settlement provides for FTA to pay $10,250,000 (the

---

[1]    This Notice incorporates by reference the definitions in the Stipulation of Settlement dated February 27, 2024 (the "Stipulation").  Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in the Stipulation.  The Stipulation can be obtained at www.FTASecuritiesSettlement.com.

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 60 of 107 PageID
#: 1488

"Settlement Amount").  The Net Settlement Fund – consisting of the Settlement Amount plus interest (net of taxes) earned thereon, minus Notice and Administration Expenses, Court-approved attorneys' fees and expenses, and any Court-approved service awards to Plaintiffs – shall be used to pay claims of investors who purchased or acquired FTA ADSs during the Settlement Class Period.

- The Settlement represents an average recovery of $0.12 per FTA ADS for the roughly 85.3 million estimated FTA ADSs that Plaintiffs allege were damaged and declined in value as a result of Defendants' alleged misconduct during the Settlement Class Period.  An ADS share may have traded more than once during the Settlement Class Period.  This estimate reflects only the average recovery per outstanding FTA ADS.  It is not an estimate of the actual recovery per ADS you should expect.  Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased, acquired, and sold FTA ADSs, the purchase, acquisition and sales prices, and the total number of claims filed.  *See* Plan of Allocation on pages __ below for more detail.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release form ("Proof of Claim") by _____, 2024.

- Plaintiffs' Counsel will submit a Fee and Expense Application – covering all attorneys' fees and expenses in both Actions – asking the Court for an award of attorneys' fees of up to one-third of the Settlement Amount and payment of up to $175,000 in litigation expenses. Plaintiffs' Counsel have expended considerable time and effort litigating the claims at issue on a fully contingent-fee basis, and have advanced all litigation expenses, in the expectation that if they succeeded in obtaining a recovery for the Settlement Class they would be paid from such recovery.  Along with the Fee and Expense Application, Plaintiffs' Counsel may also include a request for up to an aggregate total of $20,000 in awards to the four Plaintiffs for their service to the Settlement Class.

- The Court has not yet approved the Settlement.  Payments on valid claims will be made only if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

- Your legal rights are affected whether or not you act.  Please read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to get a payment is to submit a Proof of Claim.  Proofs of Claim must be postmarked or submitted online by ____, 2024.  *See* response to question 11 below. |
| **EXCLUDE YOURSELF** | You will receive no payment if you exclude yourself from the Settlement. However, this is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Related Persons regarding the legal claims in this case.  Requests for exclusion must be postmarked by ____, 2024.  *See* response to question 14 below. |

| OBJECT | You may write to the State Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a member of the Settlement Class even if you file an objection. Objections must be received by ____, 2024. *See* response to question 19 below. |
|---|---|
| GO TO THE HEARING ON ____, 2024 | You may ask to speak during the Fairness Hearing before the State Court about the fairness of the Settlement. Requests to speak must be received by ____, 2024. *See* responses to questions 21-23 below. |
| DO NOTHING | If you do nothing, you will not receive any payment and you will not be able to ever be part of any other lawsuit against the Defendants or any other Related Persons regarding the legal claims in this case. |

## INQUIRIES

***Please do not contact either the State Court or the Federal Court regarding this Notice***. All inquiries concerning this Notice, the Proof of Claim, or any other questions by Settlement Class Members should be directed to the Court-appointed Claims Administrator – Gilardi & Co. LLC – or to one of the below-listed Plaintiffs' Counsel:

*FTA Securities Settlement*
Gilardi & Co. LLC
P.O. Box_ 301171
Los Angeles, CA 90030-1171
Tel: 1-866-688-4905
Email:
info@FTASecuritiesSettlement.com_____

Brian E. Cochran
Robbins Geller Rudman
      & Dowd LLP
655 West Broadway,
Suite 1900
San Diego, CA 92101-8498
Email:
bcochran@rgrdlaw.com

Phillip Kim
The Rosen Law Firm,
P.A.
275 Madison Ave., 40th
Floor
New York, NY 10016
Email:
pkim@rosenlegal.com

## BASIC INFORMATION

### 1.  Why did I get this Notice?

You or someone in your family may have purchased or otherwise acquired FTA ADSs between June 22, 2021 and July 2, 2021, inclusive (the "Settlement Class Period").

### 2.  What are the Actions about?

The proposed Settlement will resolve all claims asserted in the State Action and the Federal Action (*see* page 1 of this Notice), which were both brought on behalf of a substantively identical class of FTA investors. The State Action alleges that Defendants violated certain federal securities laws by making misrepresentations and/or omissions of material fact in the Offering Materials for FTA's IPO. Plaintiffs in the State Action allege that just a few weeks before its IPO, FTA had been ordered by Chinese government regulators to modify its business practices to comply with existing and new regulations, and that FTA had failed to comply with these orders. This subjected FTA to a material risk of significant government penalties once its non-compliance was discovered. The

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 62 of 107 PageID
#: 1490

Federal Action alleges much of the same misconduct. Both Actions also allege that Defendants' misstatements or omissions artificially inflated the price of FTA ADSs during the Settlement Class Period. Defendants deny all allegations of wrongdoing and liability asserted in the Actions.

| 3. **What has happened so far in the Actions?** |
| --- |

The State Action is a consolidated class action that resulted from the Court's consolidation of two similar class actions filed on July 7, 2021 and July 30, 2021. The State Action is brought on behalf of all those who purchased FTA ADSs pursuant or traceable to the Offering Materials (as defined in the Stipulation) for the IPO and were allegedly damaged thereby, and which asserts claims against the Defendants for alleged violations of §§11 and 15 of the Securities Act of 1933 (the "1933 Act"). The State Plaintiffs filed their Consolidated Amended Complaint against the Defendants on November 29, 2021 in the State Court. On January 31, 2022, the Defendants (who had been served to that point) filed their motions to dismiss the State Action together with accompanying briefs, affidavits and other papers in support thereof with the Defendants who were subsequently served joining in the motions thereafter. Following full briefing, oral argument was held on January 19, 2023. The Court's decision on Defendants' motions to dismiss is pending.

Meanwhile, on July 12, 2021, the Federal Plaintiffs filed their Complaint in the Federal Action, asserting claims under both §§11 and 15 of the 1933 Act and §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") on behalf of a substantively identical putative class as alleged in the State Action. The Federal Plaintiffs filed an Amended Complaint on September 13, 2022, and a Second Amended Complaint on November 1, 2022; and the Defendants moved to dismiss the Second Amended Complaint on February 2, 2023. The Federal Court's decision on the motions to dismiss is pending.

While continuing to litigate the Actions, in the late summer of 2023, the parties retained an independent and experienced mediator, David M. Murphy, Esq. of Phillips ADR (the "Mediator"), to explore the possibility of a settlement. The parties participated in a full-day, in-person mediation session on September 12, 2023, which resulted in an agreement to settle all claims at issue for U.S. $10,250,000 in cash. *See also* response to Question 5 below ("Why is there a settlement?).

| 4. **Why is this a class action?** |
| --- |

In a class action, one or more persons called "plaintiffs" sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a "class." One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 5. **Why is there a settlement?** |
| --- |

The Court has not decided the claims at issue in favor of Plaintiffs or Defendants. Instead, after lengthy negotiations conducted under the auspices of the neutral and highly experienced Mediator, the Plaintiffs and the Defendants agreed to a settlement of $10,250,000. The Settlement allows both sides to avoid the risks and cost of further lengthy and complex litigation in either Action, while allowing a recovery for the Settlement Class to occur now in exchange for a release of all "Released Claims" against any of the "Released Defendants' Parties" (as defined in the response to question 13 below).

After taking into account the uncertainties, risks and likely costs and expenses of further litigation in this complex securities action, Plaintiffs and their counsel believe that the $10,250,000 Settlement is fair, reasonable, and in the best interests of the Settlement Class Members. The Defendants have denied and continue to deny all the claims asserted in both Actions, but acknowledge that further litigation could prove lengthy and expensive, and have therefore also agreed to settle and finally resolve all claims against all the Defendants in both Actions, on the terms set forth in the Stipulation.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 6. How do I know if I am included in or affected by the Settlement?

The "Settlement Class" means all Persons that: (i) purchased or otherwise acquired FTA ADSs from June 22, 2021 through July 2, 2021, inclusive (the "Settlement Class Period"); or (ii) purchased or otherwise acquired FTA ADSs pursuant or traceable to FTA's IPO or IPO registration statements.

### 7. Are there exceptions to being included?

Yes. Excluded from the Settlement Class are Defendants in the Actions, members of their immediate families, and any entity in which any of the above has a majority ownership interest. Also excluded will be any person or entity that timely and validly requests exclusion from the Settlement Class as set forth in the response to question 14 below.

### 8. What if I am still not sure if l am included?

If you are still not sure if you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-688-4905, or you can fill out and return the Proof of Claim form to see if you qualify.

## WHAT ARE THE SETTLEMENT'S BENEFITS?

### 9. What does the Settlement provide?

FTA has agreed to pay U.S. $10,250,000 in cash into a settlement fund (the "Settlement Fund") for the benefit of the Settlement Class. If the Settlement is approved by the Court and becomes effective, the Net Settlement Fund – consisting of: (a) the Settlement Amount plus interest (net of taxes and tax expenses) earned thereon, minus (b) Notice and Administration Expenses, Court-approved Plaintiffs' attorneys' fees and expenses, and any Court-approved awards to Plaintiffs – will be allocated among all "Authorized Claimants" (*i.e.*, among those eligible Settlement Class Members who timely submit valid Proofs of Claim). Notice and Administration Expenses include the costs of printing and mailing this Notice and the costs of claims administration and processing. Distribution to Authorized Claimants will be made according to a plan of allocation (*see* "Proposed Plan of Allocation of Net Settlement Fund Among Settlement Class Members" at pages ___ below) to be approved by the Court.

In return, if the Settlement is approved and becomes effective, both Actions will be dismissed, and all Settlement Class Members who have not excluded themselves from the Settlement Class will be deemed to have waived, released, relinquished and forever discharged with prejudice

Case 1:21-cv-03903-LDH-MMH Document 96-1 Filed 04/22/24 Page 64 of 107 PageID #: 1492

all Released Claims against all Defendants and the other "Released Defendants' Parties," whether or not such Settlement Class Members submit a Proof of Claim. *See also* response to question 13 below.

---

### 10. How much will my payment be?

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of FTA ADSs purchased or acquired by Authorized Claimants. Payments will be calculated on a *pro rata* basis, meaning that the Net Settlement Fund will be divided among all Authorized Claimants and distributed accordingly. You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is less than $10.00. Distributions will not be made until after (a) the deadline for submitting Proofs of Claim has passed, and (b) the Claims Administrator has finished processing, reviewing, and verifying the validity of all Proofs of Claim received.

If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time from the date of the initial distribution of the Net Settlement Fund, if reasonably and economically feasible, that balance (after payment of any outstanding administrative fees or expenses) shall be reallocated among Authorized Claimants who cashed their initial payments consistent with the Plan of Allocation. Thereafter, any remaining balance will be donated to a §501(c)(3) non-profit organization approved by the Court.

You can calculate your Recognized Claim under the formula contained in the proposed Plan of Allocation. *See* "Proposed Plan of Allocation" below. The payment you receive will reflect your Recognized Claim in relation to the Recognized Claims of all persons submitting valid Proofs of Claim. Because the total of all Recognized Claims is expected to exceed the amount of the Net Settlement Fund, your Recognized Claim is ***not*** the amount of the payment that you will receive, but will (together with all other Settlement Class Members' Recognized Claim amounts) be used to calculate your (and other Authorized Claimants') *pro rata* share of the Net Settlement Fund.

---

### 11. How can I get a payment?

To qualify for a payment, you must be an eligible Settlement Class Member and submit a timely and valid Proof of Claim.

A Proof of Claim is enclosed with this Notice, and may also be downloaded from the Settlement website, www.FTASecuritiesSettlement.com. Read the instructions carefully, fill out the form, include ***copies*** of all requested documents, sign the form, and either (a) submit it online no later than 11:59 p.m. EST on _____, 2024, or (b) mail it so that it is postmarked no later than _____, 2024 to the following address:

*FTA Securities Settlement*
Gilardi & Co. LLC
PO Box 301171
Los Angeles, CA 90030-1171
www.FTASecuritiesSettlement.com

---

### 12. When would I get my payment?

The State Court will hold a Fairness Hearing on ____, 2024, at _____.m., to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals afterwards. It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| **13.  What am I giving up to get a payment or to stay in the Settlement Class?** |

Unless you timely and validly exclude yourself from the Settlement Class by the _____, 2024 deadline, if you fit within the definition of the Settlement Class, you will continue to be a Settlement Class Member, which means that you cannot sue, continue to sue, or be part of any other lawsuit that brings any of the Released Claims (including the claims asserted in the Actions) against any of the Defendants or other Released Defendants' Parties (as defined below).  It also means that you will be bound by all of the Court's orders in the State Action.  If you remain a Settlement Class Member, and if the Settlement is approved, you and your "Released Plaintiffs' Parties" (as defined in the Stipulation) will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), that you may have against the Released Defendants' Parties.

- "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that Plaintiffs or any other member of the Settlement Class asserted in either or both of the Actions or could have been asserted or could in the future be asserted in any forum, whether known or unknown, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether based on statements or omissions made directly to individual persons or broadly to the market, by Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants, that both: (i) arise out of or are based upon or relate in any way in part or in whole to any of the allegations, acts, facts, transactions, statements, events, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in either of the Actions or in any other action that has been or may be filed by a member of the Settlement Class arising from related facts, events, occurrences or transactions, and (ii) relate in any way to the purchase or acquisition of FTA ADSs in or traceable to FTA's IPO or during the Settlement Class Period.  "Released Claims" does not, however, include claims to enforce the Settlement.

- "Released Defendants' Parties" means (i) all Defendants, regardless of whether they have been served, and all underwriting firms involved in the underwriting of FTA's IPO, and (ii) Defendants' Related Persons.

- "Unknown Claims" means any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of their release, and any and all Released Defendants' Claims against the Released Plaintiffs' Parties that any Defendant does not know or suspect to exist in his, her or its favor at the time of their release, including, without limitation, those that, if known by such Plaintiff, Settlement Class Member or Defendant, might have affected his, her or its decision(s) with respect to the Settlement or the Released Claims or the

4868-6946-2668.v6

Released Defendants' Claims. With respect to any and all Released Claims and Released Defendants' Claims, the Parties agree that, upon the Effective Date, each Plaintiff and each Defendant shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Parties acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement and you want to keep any right you may have to sue or continue to sue the Defendants or the other Released Defendants' Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class.

### 14. How do I get out of the proposed Settlement?

To exclude yourself from the Settlement Class, you must mail a letter stating that you "request exclusion from the Settlement Class in *In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021 (N.Y. Sup. Ct. N.Y. Cty.)." To be valid, the letter must state: (a) your name, address, telephone number, and e-mail address (if any); (b) the date, number of FTA ADSs, and dollar amount of all purchases, acquisitions, sales, or dispositions of FTA ADSs made by you or someone acting on your behalf during the period from June 22, 2021 through July 2, 2021, inclusive; and (c) the number of FTA ADSs held by you as of the close of trading on July 8, 2021. Any request for exclusion must be signed and submitted by you, as the beneficial owner. You must submit your exclusion request by mail or other carrier so that it is **postmarked no later than _____, 2024 at**:

*FTA Securities Settlement*
EXCLUSIONS
c/o Gilardi & Co. LLC
P.O. Box 5100
__Larkspur, CA 94977-5100

You cannot exclude yourself from the Settlement Class by telephone, fax or e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

### 15. If I do not exclude myself, can I sue the Defendants or the other Released Defendants' Parties for the same thing later?

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue any of the Defendants or Released Defendants' Parties for the claims being released in this Settlement. If you have a pending lawsuit against any Defendant or other Released Defendants'

Case 1:21-cv-03903-LDH-MMH Document 96-1 Filed 04/22/24 Page 67 of 107 PageID #: 1495

Party, speak to your lawyer in that case immediately to determine if you have to exclude yourself from the Settlement Class in *this* matter to continue your own lawsuit. Remember, the exclusion deadline is **_____, 2024**.

### 16. If I exclude myself, can I get money from the proposed Settlement?

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

The Court in the State Action has appointed Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Johnson Fistel, LLP, and the Federal Court in the Federal Action has appointed The Rosen Law Firm, P.A., as the lead counsel in the respective actions to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will the lawyers be paid?

Plaintiffs' Counsel will ask the Court to award attorneys' fees in an amount not to exceed one-third of the Settlement Amount, and for payment of their expenses in an amount not to exceed $175,000, plus any interest on such fees and expenses at the same rate as may be earned by the Settlement Fund.

The attorneys' fees and expenses requested – which will represent the total Plaintiffs' attorneys' fees and expenses sought in *both* the State and Federal Actions – will be the only payment that Plaintiffs' Counsel will receive for their work in achieving the Settlement and for the risks they took in representing the Settlement Class in this matter on a wholly contingent basis. To date, they have not been paid anything for their work in either Action, nor have they received any payment for the expenses they have advanced. The fees and expenses requested will compensate Plaintiffs' Counsel for their work in obtaining the Settlement Fund for the Settlement Class. The total requested Fee and Expense Application is estimated to equal roughly $0.04 per allegedly damaged FTA ADS. In addition, the Plaintiffs may apply for awards for their service in representing the Settlement Class, which awards in the aggregate will not exceed $20,000. If approved, the requested amounts will be paid from the Settlement Fund. If the Court awards less than the requested amounts, the difference will remain in the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 19. How do I tell the Court that I object to the proposed Settlement?

If you are a Settlement Class Member, you can object to the Settlement, Plan of Allocation, Plaintiffs' Counsel application for attorneys' fees and expenses, and any proposed awards to Plaintiffs.

To object, you must file a written objection (together with any papers or briefs in support of the objection) with the Clerk of the Supreme Court for New York County, at the address listed below *on or before _____, 2024*. Your objection must state that you object to the proposed Settlement

in *In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021. You must (a) include your name, address, telephone number, any e-mail contact information, and your signature, (b) be accompanied by *copies* of documents showing the date(s), price(s), and amount(s) of all FTA ADS that you purchased, acquired or sold from June 22, 2021 through July 2, 2021, inclusive (in order to show your membership in the Settlement Class), (c) the name, address, and telephone number of your counsel, if any, and (d) a list of any other class action settlement(s) in which the objector or his, her, or its counsel has objected. Your objection must also state all grounds for your objection, and attach copies of any evidentiary materials you wish the Court to consider. The objection must be signed by the objector, even if it is filed by your counsel. Attendance at the Fairness Hearing is not necessary to object, but if you wish to speak in support of your objection at the Fairness Hearing (*see* response to question 23 below) you must also state in your objection that you intend to do so.

*Importantly*, you must also mail or deliver copies of any objections and supporting materials to **each** of the following at the addresses listed below so they are **received no later than ____, 2024**:

| The Court | Plaintiffs' Counsel | FTA's Counsel |
|---|---|---|
| Clerk of the Court<br>New York Supreme Court<br>New York County<br>60 Centre Street<br>New York, NY 10007 | Brian E. Cochran<br>Robbins Geller Rudman<br>     & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-8498<br>Email: bcochran@rgrdlaw.com<br><br>Phillip Kim<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Ave., 40th Floor<br>New York, NY 10016<br>Email: pkim@rosenlegal.com | George S. Wang<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>Email: gwang@stblaw.com |

**20. What is the difference between objecting and excluding myself?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. You may submit a Proof of Claim even if you object. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. Nor can you submit a Proof of Claim. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

### THE STATE COURT'S FAIRNESS HEARING

The State Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

**21. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Fairness Hearing on ____, 2024, at __:___ __.m., at the New York County Courthouse, Part 43, Courtroom 222, 60 Centre Street, New York, NY 10007. At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided in the Stipulation of Settlement should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Plaintiffs' Counsel for attorneys' fees and expenses, and whether to approve awards to the Plaintiffs for their service to the Settlement Class.

***The Court may change the date and time of the Fairness Hearing without further notice being sent to Settlement Class Members, or it may provide that the hearing be held by telephone or video connection***. If you want to attend the hearing, you should check the settlement website (www.FTASecuritiesSettlement.com) and/or check with Plaintiffs' Counsel beforehand to be sure that the date, time and/or manner of the hearing have not changed. If and when the Settlement receives final approval in the State Court and becomes effective, the Actions will be dismissed both in the State and Federal Courts pursuant to the terms of the Stipulation, with all eligible Settlement Class Members who submit valid and timely Proofs of Claim eligible to share in the distribution Net Settlement Fund pursuant to the Plan of Allocation described below.

### 22. Do I have to come to the hearing?

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submit your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 23. May I speak at the hearing?

If you object to the Settlement, Plan of Allocation or any aspect of the Fee and Expense Application, you may also ask the State Court for permission to speak at the Fairness Hearing. To do so, you must include with your objection (*see* question 19 above) a statement that you "intend to appear" at the Fairness Hearing, and you must also identify in your statement any witnesses you may call to testify, and attach copies of any exhibits you intend to introduce into evidence at the Fairness Hearing. You cannot speak at the hearing if you exclude yourself.

### IF YOU DO NOTHING

### 24. What happens if I do nothing at all?

If you do nothing, you will get no money from the Settlement and you will not be able to start a lawsuit, continue with a lawsuit or be part of another lawsuit against Defendants or the Released Defendants' Parties that asserts any of the claims being released in the Settlement. Settlement Class Members who do not submit valid and timely Proofs of Claim shall be barred from receiving any payments from the Settlement, but they will in all other respects be subject to and bound by the terms of the Stipulation and any Judgment entered, including the releases set forth therein.

Case 1:21-cv-03903-LDH-MMH   Document 96-1   Filed 04/22/24   Page 70 of 107 PageID #: 1498

## GETTING MORE INFORMATION

| 25. **Are there more details about the proposed Settlement?** |
| :-- |

This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  You may review and download a copy of the Stipulation (and other documents relating to the Actions) at the settlement website, www.FTASecuritiesSettlement.com.  You may also request a copy of the Stipulation and additional Proofs of Claim from the Claims Administrator by phone, email or mail using the contact information provided on page __ above.  A complete set of the pleadings and other court filings in the State Action are also available for inspection during regular business hours at the Office of the Clerk, New York Supreme Court for New York County, 60 Centre Street, New York, NY.  A complete set of the pleadings and other court filings in the Federal Action are also available for inspection during regular business hours at the Office of the Clerk, U.S. District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

***\*\*PLEASE DO NOT TELEPHONE THE COURT, DEFENDANTS, OR DEFENDANTS'***
***COUNSEL REGARDING THIS NOTICE\*\****

**PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG**
**SETTLEMENT CLASS MEMBERS**

The Plan of Allocation seeks to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formulas described below.  A Recognized Loss will be calculated for each FTA ADS purchased or otherwise acquired during the Settlement Class Period ("Eligible Shares").

### A.      Calculation of Recognized Losses on Eligible Shares

The Net Settlement Fund will be distributed to Settlement Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall market loss on all of your transactions in FTA ADSs purchased or acquired during the Settlement Class Period.

The Plan of Allocation was developed by Lead Counsel in consultation with their damages consultants.

In the event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase/acquisition of FTA ADSs. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

For each FTA ADS purchased or otherwise acquired during the period from June 22, 2021 through July 2, 2021, and:

(a)    Sold prior to July 6, 2021, the Recognized Loss Amount per FTA ADS is zero.

(b)    Sold on or after July 6, 2021, or held after July 6, 2021, the Recognized Loss Amount per FTA ADS is the lesser of: (i) the purchase price (not to exceed $19.00 per ADS, the offering price per ADS pursuant to the June 22, 2021 initial public offering) minus the sale price; or (ii) the purchase price (not to exceed $19.00 per ADS, the offering price per ADS pursuant to the June 22, 2021 initial public offering) minus $15.13 per ADS (the closing price on July 8, 2021).

The date of acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who made multiple purchases, acquisitions or sales of FTA ADSs, the First-In, First-Out ("FIFO") method will be applied to such purchases, acquisitions and sales for purposes of calculating a claim. Under the FIFO method, sales of FTA ADSs will be matched, in chronological order, against FTA ADSs purchased or acquired during the Settlement Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if that Settlement Class Member had an overall market loss, after all profits from transactions in all FTA ADSs purchased or acquired during the Settlement Class Period are subtracted from all losses associated therewith. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' Counsel, Lead Counsel's damages consultants, any claims administrator, or other Person designated by Lead Counsel, or Defendants or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## B.    Allocation of Net Settlement Proceeds Based on Recognized Losses

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for their Eligible Shares, as determined in accordance with §A above.

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 72 of 107 PageID #: 1500

To the extent a claimant had a market gain with respect to his, her, or its overall transactions in FTA ADSs during the Settlement Class Period, the value of the claimant's Recognized Claim shall be zero, but such claimants shall in any event be bound by the Settlement. To the extent that a claimant suffered an overall market loss with respect to his, her, or its overall transactions in FTA ADSs purchased or acquired during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the claimant's Recognized Claim shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

The Net Settlement Fund will not be distributed to Authorized Claimants unless and until the Court has (a) approved the Settlement and either this plan of allocation or a modified plan; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

### SPECIAL NOTICE TO CUSTODIANS AND OTHER NOMINEES

If, between June 22, 2021 and July 2, 2021, inclusive, you purchased or otherwise acquired ADSs of FTA (NYSE ticker: YMM) as a nominee for a beneficial owner, the Court has directed that, WITHIN TEN (10) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE and Proof of Claim, you either (a) forward copies of the Notice and Proof of Claim to their beneficial owners or (b) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which case the Claims Administrator is directed to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, which expenses would not have been incurred except for the sending of such notice or the requirement to identify their beneficial holders. Reasonable out-of-pocket expenses actually incurred, *i.e.*, a direct pass through of costs, in connection with the foregoing includes up to $0.03 for

4868-6946-2668.v6

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM    INDEX NO. 654232/2021

NYSCEF DOC. NO. 111    Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 73 of 107 PageID    RECEIVED NYSCEF: 03/08/2024
#: 1501

providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice Package mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice sent by email.

DATED:                    , 2023

                                                  BY ORDER OF THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 74 of 107 PageID #: 1502

# EXHIBIT A-2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

|  |  |  |
|---|---|---|
| | x | |
| In re FULL TRUCK ALLIANCE CO. LTD. | : | |
| SECURITIES LITIGATION | : | Index No. 654232/2021 |
| | : | |
| | : | CLASS ACTION |
| This Document Relates To: | : | |
| | : | Hon. Robert R. Reed |
| The Consolidated Action. | : | Part 43 |
| | : | |
| | x | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PRATYUSH KOHLI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-03903-LDH-MMH |
| Plaintiff, | |
| v. | |
| FULL TRUCK ALLIANCE CO. LTD., PETER HUI ZHANG, SIMON CHONG CAI, SHANSHAN GUO, GUIZHEN MA, WENJIAN DAI, RICHARD WEIDONG JI, JENNIFER XINZHE LI, COLLEEN A. DE VRIES, COGENCY GLOBAL, INC., MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, GOLDMAN SACHS (ASIA) L.L.C., UBS SECURITIES LLC, HUATAI SECURITIES (USA), INC., CITIGROUP GLOBAL MARKETS INC., NOMURA SECURITIES INTERNATIONAL, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, AND CLSA LIMITED, | |
| Defendants. | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## A.    GENERAL INSTRUCTIONS[1]

1.    To recover as a Settlement Class Member based on the claims in the actions captioned *In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021 pending in the Supreme Court of the State of New York, County of New York (the "State Action"), and *Pratyush Kohli v. Full Truck Alliance Co. Ltd., et al.*, No. 1:21-cv-03903-LDH-MMH, pending in the United States District Court for the Eastern District of New York (the "Federal Action") (collectively, the "Actions"), you must complete and sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to file a properly addressed Proof of Claim (as set forth in ¶3 below), your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Proof of Claim, however, does not ensure that you will share in the proceeds of the Settlement of the Actions.

3.    YOU CAN EITHER SUBMIT YOUR CLAIM WITH COPIES OF THE DOCUMENTS REQUESTED HEREIN ELECTRONICALLY BY **11:59 P.M. EST ON _____, 2024** AT www.FTASecuritiesSettlement.com OR MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, SO IT IS POSTMARKED **ON OR BEFORE _____, 2024**, ADDRESSED AS FOLLOWS

*FTA Securities Settlement*
Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
Telephone: 1-866-688-4905
Online Submissions:
www.FTASecuritiesSettlement.com

If you are NOT a Settlement Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and discussed below, DO NOT submit a Proof of Claim.

4.    If you are a Settlement Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the State Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## B.    CLAIMANT IDENTIFICATION

You are a member of the Settlement Class if you purchased or otherwise acquired American Depositary Shares ("ADSs") of Full Truck Alliance Co. Ltd. ("FTA") (NYSE ticker: YMM) from June 22, 2021 through July 2, 2021, inclusive, or purchased or otherwise acquired FTA ADSs

---

[1]    This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.FTASecuritiesSettlement.com.

4883-8407-0540.v6

pursuant or traceable to FTA's IPO or IPO registration statements, unless you are an excluded party under the terms of the Stipulation.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of the FTA ADSs that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OF THE FTA ADSs UPON WHICH THIS CLAIM IS BASED, OR BY THEIR LEGAL REPRESENTATIVE.

Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of persons represented by them and their evidence of authority must accompany this Proof of Claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C.    PROOF OF CLAIM

Use Part II of this form entitled "Schedule of Transactions in FTA ADSs" to supply all required details of your transaction(s) (including free transfers and deliveries) in, and holdings of, FTA ADSs. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On this schedule, provide, all of the requested information with respect to your holdings, purchases, acquisitions, and sales of FTA ADSs, whether such transactions resulted in a profit or a loss. Only FTA ADSs purchased or acquired during the Settlement Class Period (between June 22, 2021 – the date of FTA'S initial public offering – and July 2, 2021, inclusive) are eligible under the Settlement. However, sales of FTA ADSs during the period from June 22, 2021 through July 8, 2021 may be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance and properly calculate your claim, the number of ADSs purchased, acquired or sold during the period June 22, 2021 through July 8, 2021, inclusive, must be provided. Failure to report all such transactions may result in the rejection of your claim.

In Part II of this form, list each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list. The date of covering a "short sale" is deemed to be the date of purchase of FTA ADSs. The date of a "short sale" is deemed to be the date of sale of FTA ADSs.

- 2 -

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 78 of 107 PageID #: 1506

**COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN FTA ADSs SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim, whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at Gilardi & Co. LLC to obtain the *mandatory* file layout. *Any file not in accordance with the required electronic filing format will be subject to rejection*. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.

Only one claim should be submitted for each separate legal entity (*see* §B above) and the complete name of the beneficial owner(s) of the securities must be entered where called for (*see* §B). Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). No third-party filer may be the payee of any distribution payment check or electronic payment.

- 3 -

Case 1:21-cv-03903-LDH-MMH Document 96-1 Filed 04/22/24 Page 79 of 107 PageID
#: 1507

## PROOF OF CLAIM AND RELEASE

*In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021

*Pratyush Kohli v. Full Truck Alliance Co. Ltd., et al.*, No. 1:21-cv-03903-LDH-MMH

## PART I: CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Proof of Claim. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name:

Co-Beneficial Owner's Name:

Entity Name (if claimant is not an individual):

Representative or Custodian Name (if different from Beneficial Owner(s) Name:

Address 1 (street name and number):

Address 2 (apartment, unit, or box number):

City        State        Zip Code/Province        Country

Last Four Digits of your Social Security Number or Taxpayer Identification Number:

Telephone Number (home):        Telephone Number (work):

- 4 -

4883-8407-0540.v6

Email Address(es):

Account Number (if filing for multiple account types, file a separate Proof of Claim for each account type:

Claimant Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)  ☐ Pension Plan
☐ Corporation  ☐ Estate
☐ IRA/401k  ☐ Trust
☐ Other (please specify): _____

**PART II: SCHEDULE OF TRANSACTIONS IN FTA ADSs**

A.  **Purchases or acquisitions of FTA ADSs from June 22, 2021 through July 8, 2021, inclusive:[2]**
You must separately list below each and every purchase or acquisition (including free receipts) of FTA ADSs during this period. Include all ADSs purchased in FTA's initial public offering (such shares should be listed as purchased on June 22, 2021). You must also provide *copies* of documentation for all such purchases or acquisitions.

| Trade Date(s) Month/Day/Year (Chronologically) | Number of ADS Shares Purchased or Acquired | Purchase Price Per ADS Share | Total Purchase or Acquisition Price (excluding commissions, taxes, and fees) | Copies of Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
|  |  |  |  | ☐ Yes ☐ No |
|  |  |  |  | ☐ Yes ☐ No |
|  |  |  |  | ☐ Yes ☐ No |
|  |  |  |  | ☐ Yes ☐ No |

*IMPORTANT: If any purchase(s) listed above covered a "short sale," you must check here.*⇨ ☐ Yes

---

[2]    Information requested with respect to the number of FTA ADSs purchased or acquired from June 22, 2021 through July 8, 2021, is needed to validate your claim; however, no FTA ADSs purchased on or after July 3, 2021 are eligible for any recovery under the Settlement (as they were purchased after the Settlement Class Period), and no Recognized Losses will be calculated or considered on such ADSs under the Plan of Allocation.

- 5 -

**B.** **Sales of FTA ADSs from June 22, 2021 through July 8, 2021, inclusive:**
You must separately list below each and every sale or disposition (including free receipts) of FTA ADSs during this period and provide copies of documentation of each such sale or disposition:

| Trade Date(s) Month/Day/Year (Chronologically) | Number of ADS Shares Sold | Sale Price Per ADS Share | Total Sales Price (excluding commissions, taxes, and fees) | Copies of Proof of Sale Enclosed |
|---|---|---|---|---|
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |

**C.** **Number of FTA ADSs held at the close of trading on July 8, 2021.**

| |
|---|
| |

Proof of Position Enclosed: ☐ Yes ☐ No

*IF YOU NEED MORE SPACE TO LIST ALL YOUR TRANSACTIONS, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. BE SURE TO PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THEIR SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU ATTACH EXTRA SCHEDULES, CHECK THE BOX BELOW:*

If you have attached additional schedules, check here.⇨ ☐ Yes

**YOU MUST READ AND SIGN THE RELEASE BELOW.**
**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY**
**IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART III:** **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the Supreme Court of the State of New York, County of New York, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Actions. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of FTA

ADSs during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

## PART IV: RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims (as defined below) each and all of the Released Defendant Parties, defined below.

2. "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that Plaintiffs or any other member of the Settlement Class asserted in either or both of the Actions or could have been asserted or could in the future be asserted in any forum, whether known or unknown, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether based on statements or omissions made directly to individual persons or broadly to the market, by Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants, that both: (i) arise out of or are based upon or relate in any way in part or in whole to any of the allegations, acts, facts, transactions, statements, events, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in either of the Actions or in any other action that has been or may be filed by a member of the Settlement Class arising from related facts, events, occurrences or transactions, and (ii) relate in any way to the purchase or acquisition of FTA ADSs in or traceable to FTA's IPO or during the Settlement Class Period. "Released Claims" does not, however, include claims to enforce the Settlement.

3. "Released Defendants' Parties" means (i) all Defendants, regardless of whether they have been served, and all underwriting firms involved in the underwriting of FTA's IPO, and (ii) Defendants' Related Persons.

4. "Released Plaintiffs' Parties" means (i) the Plaintiffs and all Settlement Class Members, and (ii) each of their respective family members and any other Related Person.

5. "Unknown Claims" means any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of their release, and any and all Released Defendants' Claims against the Released Plaintiffs' Parties that any Defendant does not know or suspect to exist in his, her or its favor at the time of their release, including, without limitation, those that, if known by such Plaintiff, Settlement Class Member or Defendant, might have affected his, her or its decision(s) with respect to the Settlement or the Released Claims or the Released Defendants' Claims. With respect to any and all Released Claims and Released Defendants' Claims, the Parties agree that, upon the Effective Date, each Plaintiff and each Defendant shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or

4883-8407-0540.v6

principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."  The Parties acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

6.    I (We) hereby warrant and represent that I (we) have not assigned or transferred, or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in FTA ADSs that occurred during the period from June 22, 2021 through July 8, 2021, inclusive, as well as the number of ADSs held by me (us) at the close of trading on July 8, 2021.

8.    I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

    I (We) declare under penalty of perjury under the laws of the State of New York that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

    Executed  this  _____  day  of  _____,  in  _____  (City), _____ (State).


_____          _____
(Signature of Beneficial Owner)                    (Signature of Co-Beneficial Owner, if any)


_____          _____
(Type or print your name here)                     (Type or print your name here)


_____          _____
(Capacity of person(s) signing, *e.g.*,              (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor          Beneficial Purchaser or Acquirer, Executor
or Administrator)                                  or Administrator)


### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.    Please sign the above release and acknowledgment.

2.    Remember to attach copies of supporting documentation.

4883-8407-0540.v6

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 84 of 107 PageID #: 1512

3.    ***Do not send*** originals of certificates or other documentation as they will not be returned.

4.    Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send your new address to the address below.

7.    ***Do not use red pen or highlighter*** on the Proof of Claim or on any supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2024, ADDRESSED AS FOLLOWS:**

*FTA Securities Settlement*
Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
Telephone: 1-866-688-4905
Online Submissions:
www.FTASecuritiesSettlement.com

- 9 -

4883-8407-0540.v6

Case 1:21-cv-03903-LDH-MMH   Document 96-1   Filed 04/22/24   Page 85 of 107 PageID
#: 1513

# EXHIBIT A-3

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM
INDEX NO. 654232/2021
NYSCEF DOC. NO. 111
RECEIVED NYSCEF: 03/08/2024

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 86 of 107 PageID
#: 1514

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

———————————————————————— x

In re FULL TRUCK ALLIANCE CO. LTD.       :
SECURITIES LITIGATION                    :       Index No. 654232/2021
                                         :
                                         :
———————————————————————             :       CLASS ACTION
                                         :
This Document Relates To:                :
                                         :       Hon. Robert R. Reed
        The Consolidated Action.         :       Part 43
                                         :
———————————————————————             x

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRATYUSH KOHLI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-03903-LDH-MMH |
| Plaintiff, | |
| v. | |
| FULL TRUCK ALLIANCE CO. LTD., PETER HUI ZHANG, SIMON CHONG CAI, SHANSHAN GUO, GUIZHEN MA, WENJIAN DAI, RICHARD WEIDONG JI, JENNIFER XINZHE LI, COLLEEN A. DE VRIES, COGENCY GLOBAL, INC., MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, GOLDMAN SACHS (ASIA) L.L.C., UBS SECURITIES LLC, HUATAI SECURITIES (USA), INC., CITIGROUP GLOBAL MARKETS INC., NOMURA SECURITIES INTERNATIONAL, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, AND CLSA LIMITED, | |
| Defendants. | |

SUMMARY NOTICE OF PENDENCY
AND PROPOSED SETTLEMENT OF CLASS ACTION
EXHIBIT A-3

**TO: All persons that: (i) purchased or otherwise acquired the publicly traded American Depositary Shares ("ADSs") of Full Truck Alliance Co. Ltd. ("FTA") (NYSE ticker symbol: "YMM") from June 22, 2021 through July 2, 2021, inclusive (the "Settlement Class Period"); or (ii) purchased or otherwise acquired FTA ADSs pursuant or traceable to FTA's IPO or IPO registration statements (the "Settlement Class"):**[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Article 9 of the New York Civil Practice Law and Rules and an Order of the Supreme Court of the State of New York, New York County, Commercial Division (the "Court"), that the above-captioned litigation (the "State Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that the plaintiffs and proposed class representatives in this State Action, Tomas Eduardo Kohn and Michael Barber (the "State Plaintiffs"), together with lead plaintiff Pratyush Kohli and named plaintiff Shivtaj Zirvi (the "Federal Plaintiffs," together with State Plaintiffs, the "Plaintiffs") in a related action captioned *Pratyush Kohli v. Full Truck Alliance Co. Ltd., et al.*, No. 1:21-cv-03903-LDH-MMH (E.D.N.Y.) (the "Federal Action"), have reached a proposed settlement of both Actions for $10,250,000 in cash on behalf of the Settlement Class, that, if approved, will resolve all claims in both Actions.

A Fairness Hearing will be held on _____, 2024, at __:__ __.m. Eastern Time, before the Honorable Robert R. Reed, either in person at the New York County Courthouse, Part 43, Courtroom 222, 60 Centre Street, New York, NY 10007, or by telephone or videoconference (at the discretion of the Court). At the hearing, the Court will determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the State Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation of Settlement dated as of February 27, 2024 (and in the Notice) should be granted; (iii) whether, for purposes of the proposed Settlement only, the State Action should be finally certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Robbins Geller Rudman & Dowd LLP, Johnson Fistel, LLP, The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP should be finally appointed as Class Counsel for the Settlement Class; (iv) whether the proposed Plan of Allocation which will provide compensation to eligible Settlement Class Members in both Actions should be approved as fair and reasonable; and (v) whether Plaintiffs' Counsel's application for an award of attorneys' fees and litigation expenses should be approved and whether Plaintiffs should be granted an award for their service to the Settlement Class.

**If you are a member of the Settlement Class (a "Settlement Class Member"), your rights will be affected by the pending Actions and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Proof of Claim ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator, Gilardi

---

[1] Excluded from the Settlement Class are Defendants in the Actions, members of their immediate families, and any entity in which any of the above has a majority ownership interest. Also excluded will be any Person or entity that timely and validly requests exclusion from the Settlement Class.

& Co. LLC, at *FTA Securities Settlement*, c/o Gilardi & Co. LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, 1-866-688-4905. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator at www.FTASecuritiesSettlement.com.

If you are a Settlement Class Member, to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form **postmarked (if mailed), or online, no later than _____, 2024**, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the State Action.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is **postmarked no later than _____, 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the State Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's Fee and Expense Application, must be filed with the Court and delivered to Class Counsel and defendant FTA's counsel such that they are **received no later than _____, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, FTA, the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator**.

Inquiries, other than requests for the Notice and Claim Form, should be made to the below Class Counsel:

ROBBINS GELLER RUDMAN
 & DOWD LLP
Brian E. Cochran
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Tel: (800) 449-4900
settlementinfo@rgrdlaw.com

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Ave., 40th Floor
New York, NY 10016
Tel: (212) 808-1060
pkim@rosenlegal.com

Requests for the Notice and Claim Form should be made to:

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM
INDEX NO. 654232/2021
NYSCEF DOC. NO. 111
RECEIVED NYSCEF: 03/08/2024

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 89 of 107 PageID
#: 1517

*FTA Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
1-866-688-4905
www.FTASecuritiesSettlement.com

By Order of the Court

4887-5146-7148.v5

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

------------------------------------------------ x

In re FULL TRUCK ALLIANCE CO. LTD.    :
SECURITIES LITIGATION    :    Index No. 654232/2021
   :
------------------------------------------------ :    CLASS ACTION
   :
This Document Relates To:    :
   :    Hon. Robert R. Reed
       The Consolidated Action.    :    Part 43
   :
------------------------------------------------ x

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRATYUSH KOHLI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-03903-LDH-MMH |
|      Plaintiff, | |
|      v. | |
| FULL TRUCK ALLIANCE CO. LTD., PETER HUI ZHANG, SIMON CHONG CAI, SHANSHAN GUO, GUIZHEN MA, WENJIAN DAI, RICHARD WEIDONG JI, JENNIFER XINZHE LI, COLLEEN A. DE VRIES, COGENCY GLOBAL, INC., MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, GOLDMAN SACHS (ASIA) L.L.C., UBS SECURITIES LLC, HUATAI SECURITIES (USA), INC., CITIGROUP GLOBAL MARKETS INC., NOMURA SECURITIES INTERNATIONAL, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, AND CLSA LIMITED, | |
|      Defendants. | |

[PROPOSED] ORDER AND FINAL JUDGMENT

EXHIBIT B

WHEREAS, the Parties, through their counsel, have agreed, subject to judicial approval following issuance of notice to the Settlement Class and a Fairness Hearing, to settle and dismiss with prejudice the State Action upon the terms and conditions set forth in the Parties' Stipulation of Settlement dated February 27, 2024 (the "Stipulation");

WHEREAS, on _____, 2024, the Court issued its Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") (NYSCEF No. _____, and Notice of Entry of that Order was duly filed on _____ (NYSCEF No. _____));

WHEREAS, it appears in the record that the Notice substantially in the form approved by the Court in its Preliminary Approval Order was mailed to all reasonably identifiable Settlement Class Members, and posted on the Settlement Website established by the Claims Administrator in this matter, in accordance with the Preliminary Approval Order; and

WHEREAS, it appears in the record that the Summary Notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Approval Order;

WHEREAS, the Fairness Hearing was held before the Court on _____, 2024 following issuance of notice to the Settlement Class, consistent with the Court's Preliminary Approval Order;

NOW THEREFORE, based upon the Stipulation and all of the findings, records, and proceedings herein, and it appearing to the Court upon examination and following a duly-noticed Fairness Hearing that the Settlement set forth in the Stipulation is fair, reasonable, and adequate and should be finally approved; that the Judgment should be entered; and that the proposed Plan of Allocation provides a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

4891-8716-6604.v6

2.      The Court has jurisdiction over the subject matter of the State Action, the State Plaintiffs, all Settlement Class Members, and the Defendants.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under §902 of the Civil Practice Law and Rules ("CPLR") have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members; (c) the claims of the State Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the State Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Actions; and that class certification is also warranted in light of:

(i)      the (lack of) interest of members of the Settlement Class in individually controlling the prosecution of separate actions;

(ii)      the impracticability and inefficiency of prosecuting or defending separate actions;

(iii)      the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class, including the benefits flowing to the Settlement Class and the broader interests of judicial efficiency in resolving both the State Action and the Federal Action as part of a global settlement by all parties in both Actions in accord with the terms of the Stipulation;

(iv)      the desirability or undesirability of concentrating the litigation of the claim in the particular forum, including the benefits flowing to the Settlement Class and the broader interests of judicial efficiency in resolving both the State Action and the Federal Action as part of a global settlement by all parties in both Actions in accord with the terms of the Stipulation; and

- 2 -

(v)     the (lack of) difficulties likely to be encountered in the management of a class action, given, inter alia, that the proposed Settlement Class is being settled in the context of a settlement (such that, if the Settlement is approved, there will no longer be class action litigation for the Court to manage).

4.     Pursuant to §§901 and 902 of the CPLR and for the purposes of the Settlement only, the Court hereby grants final certification of the State Action as a class action on behalf of a Settlement Class consisting of all Persons that: (i) purchased or otherwise acquired Full Truck Alliance Co. Ltd. ("FTA") American Depositary Shares ("ADSs") between June 22, 2021, the date of FTA's initial public offering (the "IPO"), and July 2, 2021, inclusive (the "Settlement Class Period"); or (ii) purchased or otherwise acquired FTA ADSs pursuant or traceable to FTA's IPO or IPO registration statements. Excluded from the Settlement Class are Defendants in the Actions, members of their immediate families, and any entity in which any of the above has a majority ownership interest. Also excluded from the Settlement Class are those Persons or entities that the Court finds to have timely and validly requested exclusion from the Settlement Class.

5.     Pursuant to Article 9 of the CPLR, and for purposes of the Settlement only, the Plaintiffs are certified as the class representatives ("Class Representatives") of the Settlement Class, and State Lead Counsel and Federal Lead Counsel are appointed as Class Counsel for the Settlement Class. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the form, content and methods of disseminating the Notice of the Settlement, the Plan of Allocation, and their respective terms and conditions was adequate and reasonable; met the requirements of due process, CPLR §904, and all other applicable laws and rules; constituted the best notice practicable under the circumstances (including individual notice to all Settlement Class Members who could be identified through reasonable effort); and constituted due and sufficient notice of these proceedings and the matters set forth herein to all Persons and entities entitled to such notice. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

4891-8716-6604.v6

6.      The Settlement is approved as fair, reasonable and adequate under CPLR §908, and is in the best interests of the Settlement Class.

7.      The Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations; and that all Parties have been represented throughout by experienced counsel.  The Court further finds that the State Action was settled only after, *inter alia*, (a) Plaintiffs' Counsel had conducted a pre-filing investigation; (b) the filing of a consolidated class action complaint; (c) full briefing and oral argument on the Defendants' motions to dismiss that complaint; (d) all Plaintiffs' and Defendant FTA's preparation and exchange of comprehensive pre-mediation briefs, participation in a day-long mediation session on September 12, 2023, under the auspices of a highly experienced mediator of complex commercial cases (David M. Murphy, Esq., of Phillips ADR); and (e) further negotiation and drafting of the detailed terms of the global Settlement at issue.  Accordingly, the Court also finds that all Parties were well-positioned to evaluate benefits of the proposed Settlement against the risks of further and uncertain litigation.

8.      The Court further finds that its conclusions as to the fairness, reasonableness and adequacy of the proposed Settlement are further supported by the fact that Federal Lead Counsel, who filed the related Federal Action on behalf of the Federal Plaintiffs and likewise went through full briefing of a motion to dismiss, actively participated in the mediation process and have also recommended and endorsed the approval of the Stipulation as part of a global settlement (to be administered under the jurisdiction of this Court) of all claims asserted in either this State Action or the Federal Action.

9.      The Court further finds that if the Settlement had not been achieved, all Parties faced the expense, risk, and uncertainty of extended litigation.  The Court takes no position on the merits of either Plaintiffs' or Defendants' liability positions, but notes that the existence of substantial arguments both for and against their respective positions further supports approval of the Settlement.

- 4 -

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM
INDEX NO. 654232/2021
NYSCEF DOC. NO: 111
RECEIVED NYSCEF: 03/08/2024
Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 96 of 107 PageID
#: 1524

10.     The State Action and all claims contained therein are hereby dismissed with prejudice as against all Defendants and the Released Defendants' Parties.

11.     Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever waived, released, and discharged all Released Claims against each Released Defendant's Party, and the State Action shall be dismissed with prejudice, regardless of whether such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim.

12.     Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released and discharged all Released Defendants' Claims against each Released Plaintiff's Party.

13.     Upon the Effective Date, this Order and Final Judgment (a) permanently bars, enjoins, and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Released Defendants' Parties, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Actions or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Defendants from commencing, prosecuting, or asserting any Barred Claims against any other person or entity, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Actions or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.  Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to this Order and Final Judgment based upon, arising out of, relating to, or in connection with in any way in part or in whole any Released Claim shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the

- 5 -

amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages. Nothing in this Bar Order releases or alters the rights under the terms of any written agreement among any of the Released Defendants' Parties.

14.     Nothing contained herein shall, however, bar any Party, Released Defendant's Party or Released Plaintiff's Party from bringing any action or claim to enforce the terms of the Stipulation or of this Order and Final Judgment.

15.     The releases provided for herein shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition or event.

16.     Each Party shall bear its own fees, costs, and expenses, except as otherwise provided in the Stipulation.

17.     Plaintiffs' Counsel are hereby awarded total attorneys' fees of _____ percent (__%) of the $10,250,000 Settlement Amount, and total expenses in the amount of $_____, together with any interest earned thereon for the same time period and at the same net rate as that earned by the Settlement Fund until paid pursuant to the terms set forth in the Stipulation. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate, after taking into consideration (among other things): (a) the time and effort spent on the matter by Plaintiffs' Counsel; (b) the results achieved for the Settlement Class in the face of significant litigation risk; (c) the complexity of claims alleged and level of litigation skill and specialized legal expertise required; (d) the fully contingent nature of the representation; (e) fee awards approved in the other similarly complex securities class actions; and (f) the fact that, under the Stipulation that provides for the global settlement of both the State Action and the related Federal Action, the fees awarded in this Order will cover all attorneys' fees in *both* the State Action *and* the Federal Action. The Court also finds that the requested expenses are reasonable in amount and are for expenses of a type (*e.g.*, expert fees, electronic legal research fees, mediation fees) that are customarily awarded in class action cases of this type.

- 6 -

Case 1:21-cv-03903-LDH-MMH Document 96-1 Filed 04/22/24 Page 98 of 107 PageID #: 1526

18.     Such fees and expenses may be paid out of the Settlement Fund, in whole or in part, to Class Counsel at any time after entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof; however, such payments shall be subject to all of the terms, conditions and obligations (including repayment obligations) set forth in the Stipulation, which terms, conditions, and obligations are expressly incorporated herein.

19.     Plaintiffs Tomas Eduardo Kohn, Michael Barber, Pratyush Kohli and Shivtaj Zirvi are awarded a total of \$_____ or \$_____ each for their service to the Settlement Class, including for reasonable costs and expenses directly relating to the representation of the Settlement Class.  Such awards shall be payable from the Settlement Fund upon the Effective Date of the Settlement.

20.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

21.     The Court finds that the Parties and their respective counsel have at all times complied with all requirements of 22 N.Y. Code, Rules and Regulation §130-1, and all similar statutes, rule, law or ethical standards, whether under state or federal law, in connection with the commencement, maintenance, defense, litigation and/or resolution of the Actions.

22.     Neither this Order and Final Judgment, nor the Stipulation (including the Settlement contained therein), nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by any Plaintiff, the sufficiency or deficiency of any defense that has been or could have been

4891-8716-6604.v6

Case 1:21-cv-03903-LDH-MMH Document 96-1 Filed 04/22/24 Page 99 of 107 PageID #: 1527

asserted in either Action, or of any deception, wrongdoing, liability, negligence or fault of Defendants, the Released Defendants' Parties, or each or any of them, or that any Plaintiff or Settlement Class Member was harmed or damaged by any conduct by Defendants;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or the Released Defendants' Parties in any arbitration proceeding or any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c) is or may be deemed to be or shall be used, offered or received against the Parties, the Released Defendants' Parties, the Released Plaintiffs' Parties, or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Actions, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Actions; and

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, the Released Defendants' Parties, the Released Plaintiffs' Parties, or any of them, that any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Actions would have been greater or less than the Settlement Fund, or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

23. The Released Defendants' Parties and/or the Released Plaintiffs' Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other

- 8 -

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM
NYSCEF DOC. NO. 111

INDEX NO. 654232/2021
RECEIVED NYSCEF: 03/08/2024

Case 1:21-cv-03903-LDH-MMH     Document 96-1     Filed 04/22/24     Page 100 of 107
PageID #: 1528

theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties, Released Defendants' Parties, the Released Plaintiffs' Parties, and the Settlement Class Members, or any of them, may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce them.

24.     Except as otherwise provided herein or in the Stipulation, all funds held in the Escrow Account shall be deemed to be in *custodia legis* and remain subject to the Court's jurisdiction until such funds are distributed or returned pursuant to the Stipulation or further order of the Court.

25.     Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to the State Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

26.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

27.     The finality of this Order and Final Judgment with respect to its approval of the Settlement shall not be affected, in any manner, by the Court's rulings on Plaintiffs' Counsels' Fee and Expense Application (including any awards to any representative plaintiff).

28.     The Parties are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

DATED: _____, 2024     _____

THE HONORABLE ROBERT R. REED
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

4891-8716-6604.v6

Case 1:21-cv-03903-LDH-MMH Document 96-1 Filed 04/22/24 Page 101 of 107 PageID #: 1529

# EXHIBIT C

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 102 of 107
PageID #: 1530

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRATYUSH KOHLI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-03903-LDH-MMH |
| Plaintiff, | |
| v. | |
| FULL TRUCK ALLIANCE CO. LTD., PETER HUI ZHANG, SIMON CHONG CAI, SHANSHAN GUO, GUIZHEN MA, WENJIAN DAI, RICHARD WEIDONG JI, JENNIFER XINZHE LI, COLLEEN A. DE VRIES, COGENCY GLOBAL, INC., MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, GOLDMAN SACHS (ASIA) L.L.C., UBS SECURITIES LLC, HUATAI SECURITIES (USA), INC., CITIGROUP GLOBAL MARKETS INC., NOMURA SECURITIES INTERNATIONAL, INC., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, AND CLSA LIMITED, | |
| Defendants. | |

### STIPULATION OF VOLUNTARY DISMISSAL

WHEREAS, this is a putative class action brought under the federal securities law (the "Federal Action");

WHEREAS, by order dated July 1, 2022, Plaintiff Pratyush Kohli was appointed to serve as lead plaintiff (the "Lead Plaintiff") in the Federal Action, and The Rosen Law Firm, P.A. as lead counsel in the Federal Action (Dkt. 11);

WHEREAS, Lead Plaintiff Pratyush Kohli and named plaintiff Shivtaj Zirvi (collectively the "Plaintiffs") filed the operative Amended Complaint on November 1, 2022 (Dkt. 36);

1

WHEREAS, a related putative class action, captioned *In re Full Truck Alliance Co. Ltd. Sec. Litig.,* No. 654232/2021 (Sup Ct. N.Y. Cnty.) (the "State Action"), asserts substantially similar claims as are asserted in the Federal Action;

WHEREAS, in September 2023, Plaintiffs and the plaintiffs in the State Action jointly participated in mediation efforts with Defendants[1] to reach a global settlement that would resolve all claims asserted in both the Federal Action and the State Action, which efforts were conducted under the auspices of David Murphy, Esq. of Phillips ADR Enterprises (the "Mediator"), a highly experienced, independent mediator;

WHEREAS, following arms-length negotiations, the parties reached a global settlement in principle of the Federal Action and the State Action on a class-wide basis (the "Settlement") and have agreed to seek judicial approval of the proposed global Settlement in the State Court, where the first of the cases asserting substantially similar claims against the Defendants was filed, under the procedures for obtaining such approvals provided for under the New York Civil Practice Law and Rules;

WHEREAS, as part of the proposed Settlement, Plaintiffs and all Defendants that have appeared in the Federal Action shall submit for filing in the Federal Court a stipulation of voluntary

---

[1] Defendants are Full Truck Alliance Co. Ltd. ("FTA"), Peter Hui Zhang, Simon Chong Cai, Shanshan Guo, Guizhen Ma, Wenjian Dai, Richard Weidong Ji, and Jennifer Xinzhe Li, Colleen A. De Vries, Cogency Global Inc., Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Goldman Sachs (Asia) L.L.C., UBS Securities LLC, Huatai Securities (USA), Inc., Citigroup Global Markets Inc., Nomura Securities International, Inc., China Renaissance Securities (Hong Kong) Limited, and CLSA Limited.

Defendants that have appeared in the Federal Action are Full Truck Alliance Co. Ltd., Colleen A. De Vries, Cogency Global Inc., Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Goldman Sachs (Asia) L.L.C., UBS Securities LLC, Huatai Securities (USA), Inc., Citigroup Global Markets Inc., and Nomura Securities International, Inc.

Case 1:21-cv-03903-LDH-MMH    Document 96-1    Filed 04/22/24    Page 104 of 107
PageID #: 1532

dismissal, with prejudice, within five (5) business days of entry of the Final Judgment in the State

Action;

WHEREAS, Fed. R. Civ. P. 41(a)(1)(A)(ii) provides that "the plaintiff may dismiss an

action without a court order by filing … (ii) a stipulation of dismissal signed by all parties who

have appeared;" and

WHEREAS, no class has been certified in this Federal Action, or is proposed to be certified

in the Federal Action as part of the proposed Settlement, and accordingly, Fed. R. Civ. P. 23(e)

does not impact Plaintiffs' ability to file this stipulation of voluntary dismissal pursuant to Fed. R.

Civ. P. 41(a)(1)(A)(ii);

IT IS THEREFORE STIPULATED AND AGREED, pursuant to Fed. R. Civ. P.

41(a)(1)(A)(ii), by and on behalf of all the partis to this Federal Action who have appeared, by

their undersigned counsel, that this Federal Action is voluntarily dismissed subject to the following

conditions:

1. This dismissal shall be without prejudice, and without costs;

2. Upon the Effective Date (as will be defined in the stipulation of settlement) of the

   Settlement, this dismissal shall automatically be converted to a dismissal "with

   prejudice," and operate as an adjudication on the merits;

3. In the event that the Effective Date does not occur, Defendants consent to entry of an

   order, upon motion by Plaintiffs (including pursuant to Fed. R. Civ. P. 60(b)(6)), to

   reinstate this Federal Action, with all parties returning to their respective litigation

   positions in this Federal Action as of the date of the stipulation of the settlement.

Dated: _____        Respectfully submitted,

                        **THE ROSEN LAW FIRM, P.A.**

FILED: NEW YORK COUNTY CLERK 03/08/2024 01:33 PM

INDEX NO. 654232/2021

NYSCEF DOC. NO. 111

RECEIVED NYSCEF: 03/08/2024

Case 1:21-cv-03903-LDH-MMH   Document 96-1   Filed 04/22/24   Page 105 of 107

PageID #: 1533

By: */s/DRAFT_____*
Phillip Kim
Laurence M. Rosen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Emails: pkim@rosenlegal.com
        lrosen@rosenlegal.com

Jing Chen
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19046
Telephone: (215) 600-2817
Email: jchen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

**LEVI & KORSINSKY, LLP**

By: */s/ DRAFT_____*
Nicholas I. Porritt
Andrew E. Lencyk
Max E. Weiss
55 Broadway, #427
New York, NY 10006
Telephone: (212) 363-7500
Emails: nporritt@zlk.com
        alencyk@zlk.com
        mweiss@zlk.com

*Co-Counsel for Plaintiffs and the Class*

**SIMPSON THACHER & BARTLETT LLP**

By: */s/ DRAFT_____*
George S. Wang
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Email: gwang@stblaw.com

Bo Bryan Jin
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5068

4

Email: bryan.jin@stblaw.com

*Counsel for Defendant Full Truck Alliance Co. Ltd.*

**O'MELVENY & MYERS LLP**

By: */s/ DRAFT*_____
Jonathan Rosenberg
Abby F. Rudzin
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Emails: jrosenberg@omm.com
  arudzin@omm.com

William K. Pao (*pro hac vice* forthcoming)
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Email: wpao@omm.com

*Counsel for Defendants Morgan Stanley & Co.
LLC, China International Capital Corporation
Hong Kong Securities Limited, Goldman Sachs
(Asia) L.L.C., UBS Securities LLC, Huatai
Securities (USA), Inc., Citigroup Global Markets
Inc., and Nomura Securities International, Inc.*

**K&L GATES LLP**

By: */s/ DRAFT*_____
Joanna A Diakos
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 536-3900
Email: Joanna.DiakosKordalis@klgates.com

*Counsel for Defendants Cogency Global Inc. and
Colleen A. De Vries*

**SO ORDERED:**


DATED: _____        _____
                               LaShann DeArcy Hall
                               United States District Judge